126 So.2d 23 (1960)
George CAVALIER and Leon Hargrove
v.
Arthur LA SALLE and Clyde Barbour.
No. 5358.
Court of Appeal of Louisiana, First Circuit.
December 19, 1960.
Joel B. Dickinson, Baton Rouge, for appellants.
John R. Rarick, St. Francisville, for appellees.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
LOTTINGER, Judge.
This is an appeal from a judgment of the Twentieth Judicial District Court, Parish of West Feliciana, State of Louisiana. The only question which is before this Court is a motion filed by appellees that this appeal be dismissed because of failure by appellants to perfect their appeal within the delays as provided by law.
On March 18, 1960 the Lower Court awarded judgment in favor of appellees and against the appellants. The appellants thereupon moved for a suspensive, and, in the alternative, a devolutive appeal, which was granted by the Lower Court, the return date being fixed at May 16, 1960. By subsequent orders, the return date was extended to June 1, 1960, and then to July 1, 1960, and finally to October 1, 1960. The transcript of the record has yet to be filed with this Court. The appellees have now filed a motion herein requesting that this appeal be dismissed at appellants' cost because of failure on the part of appellants to timely perfect their appeal. Attached to their motion are certificates by the Clerk of Court for the Parish of West Feliciana, as well as the Clerk of this Court, to the effect that no extensions, nor applications for extension of time, have been granted the appellants herein since the last extension which was for a period of 90 days from July 1, 1960. Pursuant to said motion to dismiss, we issued a rule on October 10, 1960, directing appellants to show cause, by briefs to be submitted on or before November 2, 1960, why their appeal should not be dismissed. Appellants filed an answer to the motion to dismiss alleging that they have posted bonds, have paid the Court reporter charges, and claiming that the reason the record was not timely filed was caused by the Clerk of the Lower Court, and furthermore, claiming that "* * * it is not the appellants' duty to see that the record is timely filed but it is the duty of *24 the District Court Clerk and the appellants cannot be held responsible for the actions of the Clerk or the Court reporter * *."
The appellees filed a brief in support of their motion to dismiss, to which is attached a certified copy of a letter addressed by the Clerk of Court for the Parish of West Feliciana to the attorney for the appellants wherein the Clerk requests the payment of $20 to cover the costs for preparing and transmitting the record to the Court of Appeal. In her said letter the Clerk of Court also recites that the law provides that the appellant shall furnish legible copies of all pleadings and depositions filed in evidence (Sec. 4, Rule 1, Rules Court of Appeal, First Circuit), as well as the sum of $25 which must accompany the record when sent to the Court of Appeal (LSA-R.S. 13:352).
LSA-R.S. 13:4445 states that not later than three days before the return day, or extended return day, the appellant shall pay to the Clerk of the Trial Court the fees to be due the Clerk of the Appellate Court for filing the record of appeal, as well as the cost of transmitting the record of appeal to the Clerk of the Appellate Court and all other fees due the Clerk of the Trial Court for preparing the record of appeal. The evidence, particularly the certified copy of the letter of the Clerk of the Lower Court, which was dated October 12, 1960, shows that these costs were not paid in accordance with the provisions of LSA-R.S. 13:4445. By virtue of failure to timely file the transcript, and to pay the fees as provided in LSA-R.S. 13:4445, this appeal should be dismissed. Watts v. Smith et al., La.App., 101 So.2d 464. Subsection B, LSA-R.S. 13:4445, provides that when the appellant has paid the fees as provided timely, the failure of the trial clerk to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant. This, of course, implies that failure by appellant to pay the fees timely to the trial clerk casts the burden for failure to perfect the appeal upon appellant.
For the reasons hereinabove given, this case will be dismissed, all costs to be paid by appellant.
Appeal dismissed.