131 So.2d 223 (1961)
Cary MANUEL
v.
TRAVELERS INSURANCE COMPANY.
No. 336.
Court of Appeal of Louisiana, Third Circuit. En Banc.
June 19, 1961.
Dubuisson & Dubuisson, by James G. Dubuisson, Opelousas, for defendant, appellant.
Joseph E. Coreil, Ville Platte, for plaintiff, appellee.
PER CURIAM.
This matter is before the Court on a motion by the plaintiff appellee to dismiss the appeal on the ground that defendant appellant did not pay to the Clerk of Court for the Parish of Evangeline, Louisiana, the cost of preparing the record of appeal and the filing fee required by the appellate court to lodge the appeal.
The plaintiff appellee alleges that he obtained a judgment against defendant from the Thirteenth Judicial District Court of Evangeline Parish, Louisiana, on February 28, 1961; that on the 7th day of March, 1961, defendant through its counsel moved for a suspensive and devolutive appeal to this Court; that said suspensive and devolutive appeal was granted to defendant by the district judge, said appeal being made returnable within sixty days, with the return day of said appeal being May 6, 1961; and that since May 6, 1961, was a half-holiday and May 7, 1961, was a holiday, defendant had until May 8, 1961, in which to *224 make the payment to the Clerk of Court in order that the appeal might be perfected.
Plaintiff attached the certificate from the Clerk of Court of the Parish of Evangeline, Louisiana, dated the 9th day of May, 1961, in which he stated that defendant appellant had not paid the Clerk of Court of the Thirteenth Judicial District, Parish of Evangeline, the cost of preparing the record on appeal and the filing fee required by the appellate court to lodge the appeal, nor had the appellant applied for an extension of time within which to file the transcript in the appellate court.
Defendant filed an answer to the motion to dismiss the appeal admitting that he did not pay the filing fee until May 9, 1961, but stating that the case was governed by the Code of Practice of 1870 which granted him three days of grace after the return date in which to deposit the necessary filing fee, that he deposited said fee on May 9, 1961, within the required time, and therefore the motion to dismiss is without merit.
Section 4(A) of Act 15 of 1960 declares:
"This act is hereby declared to be remedial legislation."
Section 4(B) of the same act contains the following provisions:
"(B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings:
"(1) Instituted on or after the effective date of this act; and
"(2) Pending on the effective date of this act, except that none of the provisions thereof shall:
"(a) Decrease or shorten any procedural delay granted or allowed by any law in existence immediately prior to, and which had commenced to run but had not yet completely elapsed on, the effective date of this act;"
Article 2126 of the LSA-Code of Civil Procedure provides:
"The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.
Article 2127 of the LSA-Code of Civil Procedure provides:
"The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal."
It is apparent that Article 2126 and 2127 of the LSA-Code of Civil Procedure apply in the instant case rather than the Code of Practice of 1870, for the reason that when the LSA-Code of Civil Procedure was adopted, the judgment of the district court had not been signed in this case, and for the additional reason that even prior to the adoption of the LSA-Code of Civil Procedure, the appellant who desired to appeal a case had to file not later than three days before the return day, or extended return day, of the appeal fixed by the trial court the fees of the district court for filing the record of appeal and the cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal. LSA-R.S. 13:4445, Section A, being Act 38 of 1960, effective June 20, 1960. This provision of law was passed on by the Court of Appeal, First Circuit, in the case of Cavalier v. LaSalle, 126 So.2d 23, and decided adversely *225 to the contentions made by the defendant appellant in the instant case.
Since Act 15 of 1960 did not shorten the delay within which defendant was permitted to appeal his case to this court, we are of the opinion that the filing of the fee by defendant was too late, and accordingly, the motion to dismiss the appeal is good.
Appeal dismissed.