On Application for Rehearing.
En Banc.
PER CURIAM.
On application for rehearing, defendants-appellants contend that we erred in applying the 90 day time limitation for perfecting a devolutive appeal as set forth in LSA-C.C.P. Art. 2087. Counsel for the appellants cites a recent decision of the First Circuit Court of Appeal, wherein the Court held that the time limitation of one year, as provided by the former Code of Practice, should be applied in determining whether the time had lapsed for perfecting a devolutive appeal. Price v. Taylor et al., La.App., 139 So.2d 230.
The pertinent facts of the Price case and the reasoning and ruling of the Court are shown in the following quotation from that decision:
“Counsel for plaintiff-appellee has moved this Court to dismiss the present appeal as having been untimely taken, said motion being predicated upon the provisions of Article 2087 of the new Louisiana Code of Civil Procedure, LSA which requires that a devolutive appeal be taken within 90 days instead of one year as prescribed in our former Code of Practice. In this regard esteemed counsel directs our attention to the fact that whereas judgment in this cause was signed May 10, 1960, the appeal herein was not taken until April 29, 1961.
“The aforesaid motion to dismiss is clearly without merit considering the *597 case at bar was filed prior to January 1, 1961, the effective date of the Code of Civil Procedure as designated in Section 7 of Act 15 of 1960, and considering further that section 4(B) (2) (a) of said same act provides that the Code of Civil Procedure shall not decrease or shorten any procedural delay granted or allowed by any law in existence immediately prior to, and which had not yet completely elapsed upon the effective date of the Code.”
Counsel for the appellants contends that the facts of the Price decision and the instant case are identical. With this contention we cannot agree. In the Price decision the judgment was signed on May 10, 1960, whereas in the case before us the judgment was signed on December 21, 1961. This distinction is most important in light of the language of Section 4(B) of Act 15 of 1960 which provides:
“ * * * (B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings :
“(1) Instituted on or after the effective date of this act; and
“(2) Pending on the effective date of this act, except that none of the provisions thereof shall:
“(a) Decrease or shorten any procedural delay granted or allowed by any law in existence immediately prior to, and which had commenced to run but had not yet completely elapsed on, the effective date of this act(Emphasis added.)
In the instant case the delay for perfecting a devolutive appeal could not have possibly commenced to run before the effective date of the Code of Civil Procedure, January 1, 1961, (See Section 7 of Act 15 of 1960), since the judgment was not signed until December 21, 1961. On the other .hand, the judgment in the Price case was signed on May 10, 1960, thereby commencing the time delay some 7 months before the effective date of the new Code. We see no conflict between our original holding and the Price decision cited herein. The Price case falls within the exception of Section 4(B) (2) (a) of Act 15 of 1960, while the instant case does not. See: Manuel v. Travelers Insurance Company, La.App., 131 So.2d 223.
For the reasons assigned, therefore, rehearing is denied.