LUTHER E. HALL, Judge pro tern.
This matter is before the Court on a motion by plaintiff-appellee to dismiss the appeal taken herein because of appellant’s failure to have the record lodged in the Court of Appeal on or before the return day as extended.
The law is quite clear that any delay in lodging the record in the appellate court is imputable to the appellant if he fails to pay to the clerk of the trial court all fees due in connection with the appeal, including the filing fee required by the appellate court, at least three days prior to the return day or extended return day. LSA-C.C.P. Arts. 2125, 2126 and 2127; LSA-R.S. 13:4445; Jackson v. Dupont, Incorporated, 140 So.2d 463 (La.App.1962); Manuel v. Travelers Ins. Co., 131 So.2d 223 (La.App.1961); Cavalier v. LaSalle, 126 So.2d 23 (La.App.1960). However, if the appellant pays all such costs within the time required by law, the failure of the clerk of the trial court to prepare and lodge the record on appeal either timely or correctly is not imputable to the appellant and does not prejudice the appeal. LSA-C.C.P. Art. 2127; LSA-R.S. 13:1445(B). Such a breach of duty by the clerk in effect results in an indefinite extension of the return day.
In the present case appellant was granted a suspensive appeal from the lower court’s judgment on March 22, 1962, the appeal being made returnable on May 21st. Subsequently the return day was extended to July 16th, and finally to August 20, 1962. On August 10th the clerk of the trial court addressed a letter to appellant’s counsel notifying him that the return day had been extended to August 20th and requesting a check for $25.00 to cover the filing fee due the clerk of the Court of Appeal.
Unfortunately counsel was out of town when the letter was delivered to his office and it did not come to his attention until he returned on August 29th on which date he immediately forwarded the requested check. The record was finally lodged in the Court of Appeal on September 5, 1962, sixteen days after the return day as extended.
If this were all, we would be obliged to dismiss the appeal for failure of the appellant to pay the filing fee of the Court of Appeal at least three days prior to August 20th.
However appellant contends that as of March 22, 1962 he had advanced to the clerk of the trial court a total of $71.20 to cover costs in the instant case and that as of March 22 and at all times subsequent thereto there should have been a sufficient balance remaining in this deposit to cover all costs of preparing the record on appeal including the filing fee of the appellate court, and the cost of transmitting the record.
A photostatic copy of the suit ledger kept by the clerk of the trial court shows that on September 11, 1961 defendant-appellant advanced $16.50 for witness’ fees and that on March 22, 1962, the day he perfected the appeal, he paid an additional $54.70 to the *50 clerk, making a total of $71.20. Of this sum $12.25 was paid during the trial to witnesses subpoenaed by defendant-appellant, leaving a balance of $58.95. (In some parishes outside of Orleans it is customary for each party to pay his own witness’ fees.)
It is perfectly apparent that what the clerk did was to apply this balance to the total of the costs accrued in the case in spite of the fact that defendant-appellant had taken and perfected a suspensive appeal.
We are of the opinion that the clerk erred in charging the accrued costs to the defendant-appellant. LSA-R.S. 13:842 provides that the plaintiff shall deposit advance costs with the clerk upon filing suit. LSA-R.S. 13:843 provides that “ * * * after any cost advance furnished under R.S. 13:842 has been exhausted, all accrued costs shall be paid by the party primarily responsible therefor * * * In Hotel Donaldson Co. Inc. v. Anderson Hotels of Louisiana, Inc., 75 So.2d 884 (La.App.1954) it was held that under these statutes the plaintiff is primarily bound for costs until a final judgment has been rendered in his favor.
The appeal taken by defendant-appellant suspended the execution and effect of the judgment appealed from and such judgment has not become final. The defendant-appellant could not become liable for accrued costs unless and until a final judgment is rendered against him by the appellate court.
Since the suspensive appeal prevented the clerk from rightfully charging the defendant-appellant with the accrued costs, the clerk had a balance on hand to the credit of defendant-appellant amounting to $58.95 as of March 22, 1962. This balance was more than sufficient to cover both the amount due the clerk of the trial court for the preparation and transmitting the record (29.80) and the $25.00 filing fee due the clerk of the Court of Appeal. Since the costs of the appeal (LSA-C.C.P. Arts. 2126, 2127; LSA-R.S. 13:4445) were in the clerk’s hands more than three days in advance of the extended return day, the delay of the clerk in lodging the record in the appellate court is not imputable to the appellant.
Appellee’s motion to dismiss is denied.
Motion denied.