170 So.2d 785 (1964)
Harold J. MATHIES, Sr., et al., Plaintiffs-Appellants,
v.
FRUEHAUF TRAILER CO. et al., Defendants-Appellees, and fifteen other consolidated cases.
Court of Appeal of Louisiana. First Circuit.
December 21, 1964.
Writ Refused January 27, 1965.
*786 James R. Pertuit, New Orleans, for appellant.
H. Alva Brumfield, by Sylvia Roberts, Baton Rouge, for appellee.
ELLIS, Judge.
Before us is a motion to dismiss an appeal from the decision of the District Court of St. Tammany Parish in sixteen consolidated cases arising out of a single traffic accident involving a school bus. The motion to dismiss is grounded on four reasons as follows:
1. Appellants have not furnished within ten days of the date of the order granting the appeal, legible copies of all pleadings and depositions filed in evidence in these cases;
2. Appellants have not paid to the Clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal;
3. Appellants have not paid to the Clerk of the trial court, not later than three days prior to the return day or extended return day, the filing fee required by the appellate court to lodge the appeal;
4. Plaintiffs-appellants owe to the Clerk of the trial court costs incurred, but which have not been paid by plaintiffs and that there was a deficit balance in each and every one of the consolidated cases herein as shown by the costs docket sheets, at the time the return day expired, at the time the extended return day expired and on the day that the affidavit marked "Movers-5" was prepared and signed.
On May 26, 1964, Edna D. Heintz, Deputy Clerk of Court, signed an affidavit stating that:
"1. No motion has been filed and no order has been signed in any of the above consolidated cases for an extension of the return day of said appeals beyond the extension of the return day, on September 5, 1963, for a period of sixty days; that the minutes of this Court do not reflect any further extension of the return day;
"2. Appellants have not furnished, within ten days of the date of the order granting the appeals, legible copies of all pleadings and depositions filed in evidence in these cases; nor have copies of all pleadings and depositions been filed as of this date;
"3. Appellants have not paid or deposited with the Clerk of Court any costs of preparing the records on appeal;
"4. Appellants have not paid or deposited with the Clerk of Court the filing fee required by the appellate court to lodge the appeals;
"5. Plaintiffs and appellants owe to the Clerk of Court costs incurred in the trial of these matters in each case and there was a deficit balance in each and every one of the consolidated cases herein, as reflected on the docket sheets, at the time the original return date expired, on the date the extended return date expired and on this date, in the following amounts as to each respective case, to wit:"
There follows a list of cases with the amounts due in each.
*787 Rule 1. Section 4 of the Uniform Rules of the Courts of Appeal, 8 LSA-R.S. provides in part that:
"* * * and the appellant shall furnish, within ten days of the date of the order granting the appeal, legible copies of all pleadings and depositions filed in evidence in the case * * *."
On September 16, 1964, Edna D. Heintz, Deputy Clerk of Court, signed a second affidavit which stated:
"(1) On May 26, 1964, I signed an affidavit presented to me by Appellees, a certified copy of which is attached hereto and marked `Heintz 1', in which I stated:
"`1) No motion has been filed and no order has been signed in any of the above consolidated cases for an extension of the return day of said appeals beyond the extension of the return day, on September 5, 1963, for a period of sixty days; that the minutes of this Court do not reflect any further extensions of the return day.'
"I should like to add that it is my practice to prepare the record, and once it is completed, enter all extensions which were necessary in the minutes of the Court. Since the record was not completed, I have not yet entered into the minutes of the Court all the extensions from September 5, 1963, up to and including the present date, and whatever additional time may be needed to prepare the record and lodge it in the Court of Appeal.
"(2) In the above mentioned affidavit which I signed on May 26, 1964, and marked as `Heintz 1', I stated that:
"`2) Appellants have not furnished, within ten days of the date of the order granting the appeals, legible copies of all pleadings and depositions filed in evidence in these cases; nor have copies of all pleadings and depositions been filed as of this date;'
"I should like to add that on July 16, 1963, Mrs. Reed, secretary to Mr. H. Alva Brumfield came to my office at the court house in Covington, Louisiana, and delivered to me legible copies of all pleadings and depositions which Mr. Brumfield had in his files. I advised Mrs. Reed at that time, that I would undertake the furnishing of legible copies of all pleadings and depositions in the above mentioned cases in the event the pleadings and depositions which she delivered to me did not include all pleadings and depositions filed in the above mentioned cases. I have made legible copies of some of the pleadings and depositions which Mrs. Reed did not deliver to me, in accordance with my agreement and undertaking; however, I have not yet finished making legible copies of all such pleadings and depositions.
"(3) In the above mentioned affidavit signed by me on May 26, 1964, marked `Heintz 1', I stated:
"`3) Appellants have not paid or deposited with the Clerk of Court any costs of preparing the records on appeal;'
"I should like to add that on July 16, 1963, when Mrs. Reed was in my office, she offered to pay whatever amount I should name for costs in connection with the appeals or any other sums owed by appellants. I advised Mrs. Reed at that time that it would not be necessary for her to pay me at that moment, but that I would send a statement to H. Alva Brumfield at a later date.
"(4) In the above mentioned affidavit signed by me on May 26, 1964, marked `Heintz 1', I stated:
"`4) Appellants have not paid or deposited with the Clerk of Court *788 the filing fee required by the appellate court to lodge the appeals;'
"I should like to add that I have been advised by Mr. Brumfield that he has issued checks in the amount of $25.00 each payable to the Clerk of Court, First Circuit Court of Appeal, for filing fees required by the appellate court to lodge the appeal.
"(5) In the above mentioned affidavit signed by me on May 26, 1964, marked `Heintz 1', I stated:
"`5) Plaintiffs and appellants owe to the Clerk of Court costs incurred in the trial of these matters in each case and there was a deficit balance in each and every one of the consolidated cases herein, as reflected on the docket sheets, at the time the original return date expired, on the date the extended return date expired and on this date, in the following amounts as to each respective case, to-wit:

Case Number Deficit Balance
No. 17,795 $( 61.15)
No. 17,796 ( 99.87)
No. 17,797 (103.51)
No. 17,798 ( 99.22)
No. 17,799 ( 96.98)
No. 17,800 ( 35.10)
No. 17,804 (117.55)
No. 17,806 ( 98.35)
No. 17,810 (104.79)
No. 17,811 (101.55)
No. 17,812 (101.55)
No. 17,816 ( 53.95)
No. 17,817 (149.44)
No. 17,818 (142.85)
No. 17,819 (116.53)
No. 17,822 (113.21)

The above unpaid costs do not include any costs for the preparation of these records on appeal.'
"I should like to add that I have never rendered a statement to Appellants for the sums mentioned, and did not request that Mrs. Reed pay this sum to me on July 16, 1963, when she offered to give me whatever amount was due and owing, or would become due for costs in connection with the appeal or any other sums owed by appellants.
"(6) On or about August 23, 1963, Mrs. Reed spoke with me on the telephone and asked me if it would be possible for me to obtain an extention of time to lodge the record, and in addition, she offered to prepare such a motion herself. I advised her that I would obtain such an extension, and that I was aware of the fact that it was incumbent upon me to apply for extensions of time to lodge the record in the event it was impossible for me to complete the preparing of the record by the return date, or extended return date.
"(7) On August 23, 1963, in a telephone conversation with Mr. H. Alva Brumfield, I advised him that it was my practice to enter all extensions of time after I had completed the record, and that although I had not in fact obtained extensions of time for sixty days beyond September 5, 1963, that once I finished the record, I would go back and enter all extensions of time in the minutes of the Court, covering all the time which had been required to prepare and lodge the record.
"(8) I have never at any time rendered a statement to Mr. H. Alva Brumfield for any sum due and owing by Appellants either in connection with the appeal of the above mentioned cases, or any other costs due the Clerk of Court in connection with the trial of these cases.
"(9) A hearing was held on June 29, 1964, in Covington, Louisiana, Judge Ellis presiding, on Appellees' Motion to dismiss the appeals. To my knowledge, no notice was given to counsel for Appellants in the above mentioned cases, H. Alva Brumfield.

*789 "(10) At the hearing on June 29, 1964, I was called as a witness, and I testified that I had not made any minute entries and had not typed up any orders for the Judge to sign in order to obtain extensions of the return date (Appellants 2, p. 5). I further testified that I had not sent any bills to the appellants asking for costs due for the preparation of the record (Appellants 2, p. 3).
"(11) The preparation of the record in the above mentioned cases has not yet been completed as of this date."
It is clear from the above affidavit that the Deputy Clerk had received some of the copies required from Mrs. Reed, secretary to counsel for appellant, and that she, Mrs. Heintz, had undertaken to furnish the other copies, if any, through the Clerk's office. Some copies were in fact made by Mrs. Heintz pursuant to that promise. Mrs. Heintz further stated that she had not yet completed her work.
We find that the Clerk's office, having accepted the obligation of furnishing whatever additional copies may have been required, became responsible therefor. Their failure to do so cannot be attributed to the appellant. A different result would have been reached had the party undertaking to furnish the copies been other than the Clerk's office.
It is true that the cost of preparing the records for appeal has not been paid in accordance with the requirement of Article 2126 of the LSA-Code of Civil Procedure. It is equally true, as will appear from Mrs. Heintz's affidavit of September 16, 1964 that Mrs. Reed tendered that payment on July 16, 1963 at the same time the copies of pleadings were furnished, but that Mrs. Heintz promised to forward a statement for the costs to counsel for appellants. It is possible that the total costs had not been determined or that it was more convenient to the Clerk's office to calculate the costs in sixteen consolidated cases at a later time. Whatever the reason, it is undeniable that payment was offered but delayed at the request of the Clerk's office. As no statement was ever sent by the Clerk, failure to pay these costs cannot be attributed to appellants.
The third and fourth grounds for dismissal of this appeal are equally without merit and for the same reasons.
We are impressed in this matter with the fact that appellants made every reasonable effort to comply with Article 2126 of the LSA-Code of Civil Procedure.
In granting the order of appeal the trial judge specified that no extension would be granted because of failure of appellant to pay the stenographic fees. Accordingly, by two checks dated June 11, 1963 and April 7, 1964, appellant paid this item totaling $5,613.00.
Also in this record is a judgment by the District Judge, after consideration of an application by the defendants to have the appeals now under consideration lapsed, which is dated July 2, 1964, and reads as follows:
"REASONS FOR JUDGMENT
"This matter comes before the Court on the application of defendants to have the appeal heretofore taken declared lapsed. Without going into detail on the matter, I am attaching to these reasons a photostatic copy of the letter furnished by the Clerk of Court to counsel for the appellants herein. On the stand at the time of the hearing of this matter, Mrs. Heintz, the minute clerk, testified that no bill or other notice had been sent to counsel for appellants. The letter clearly states that they will be required to make no deposit until such time as they receive a statement of costs due.
"That being the circumstance, the failure to obtain an extended return date on the appeal is clearly that of the *790 clerk and not attributable to the appellant. Under those circumstances, I cannot declare that the appeal has lapsed, and the appeal not being lapsed, this Court has no jurisdiction to enter any further orders herein.
"I therefore decline jurisdiction of the motion."
We are satisfied that the delay in lodging the record of appeal in this Court is imputable to the Clerk of Court and not the appellants.
Motion to dismiss is therefore denied.