171 So.2d 827 (1965)
McMILLEN FEEDER FINANCE CORPORATION, Plaintiff-Appellee,
v.
C. R. THOMPSON, Defendant-Appellant.
No. 1394.
Court of Appeal of Louisiana. Third Circuit.
February 10, 1965.
Rehearing Denied March 3, 1965.
Writ Refused May 3, 1965.
*828 Mitchel M. Evans, DeRidder, for defendant-appellant.
Hall & Coltharp, by W. E. Hall, Jr., DeRidder, for plaintiff-appellee.
James C. Terrell, Jr., Leesville, for defendants-appellees.
EN BANC.
TATE, Judge.
The defendant appealed from monied judgment against him in favor of the plaintiff. Within the requisite three days after the record was lodged in this court, LSA-C.C.P. Art. 2161, the plaintiff has moved to dismiss the appeal, contending that the appellate record was filed seven days past the extended return day of the appeal because of the appellant's failure to pay timely the appellate filing fee and the costs of preparing the appellate record.
The extended return day of the appeal was January 15, 1965. The appellate filing fee and the costs of preparing the appellate record (totalling $355) were not received by the clerk of the trial court and court reporter respectively until the very morning of the return day, the costs having been mailed to them the day before (January 14th). Counsel for appellant had been requested to furnish the requested amounts by letters from the clerk of December 21, 1964 and from the court reporter of January 4, 1965.
To the motion to dismiss the appeal is attached an affidavit of the trial clerk stating that the reason the record was not filed in the appellate court by the return date was the failure of the appellant to pay the appellate costs until the very morning of the return day of January 15th. It is alleged that therefore the trial clerk had insufficient time to prepare and transmit the record to the court of appeal on the same day.
The motion to dismiss the appeal is based upon the failure of the appellant, following timely request by the trial clerk, to comply with the statutory requirements set forth by LSA-C.C.P. Art. 2126 and by LSA-R.S. 13:4445, as amended by Act 38 of 1960[1], to pay certain costs and fees timely.
LSA-C.C.P. Art. 2126 provides: "The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal." (Italics ours.)[2] *829 The intent of this provision indicated by the Law Institute Official Comment is to avoid delays in filing the appellate record when the appellant fails upon timely request to pay said fees and costs in advance of the return day. See Comment (b).
On the other hand, "* * * When the appellant has paid the fees * * * timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant." LSA-R.S. 13:4445, subd. B (Italics ours). See also Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62, and Portier v. Marquette Casualty Co., La.App. 4 Cir., 146 So.2d 48, affirmed 245 La. 702, 160 So.2d 585. LSA-C.C.P. Art. 2127 similarly provides that, "upon the timely payment to him by the appellant of all fees due", the clerk of the trial court "shall cause" the appellant's record to be lodged timely within the appellate court, and it also provides that the trial clerk's failure to do so "shall not prejudice the appeal" when the fees have been paid timely.[3]
In the present instance, we are fully aware that the duty of the trial clerk to commence the preparation of the record of appeal commenced, not when the appellate fees were finally paid, but when on October 8th herein the bond for appeal was filed, LSA-R.S. 13:4453; which bond for appeal is statutorily required to secure the payment of "all costs due by the appellant, including those due the clerk of the trial court for the preparation of the record on appeal", LSA-C.C.P. Art. 2124.
We are, finally, well aware of the principle recently restated by our Supreme Court in the above-cited Wischer case, at 136 So.2d 66 (footnote omitted): "Appeals are favored in law. Statutory reform in recent years has moved in the direction of eliminating the dismissal of appeals on technical grounds. They should not be dismissed except for the substantial [caused] causes provided by law. For a dismissal deprives the appellant of an important safeguard of justice: a review of the case on the merits by the Court of Appeal."
Nevertheless, we have before us the application of express statutory provisions requiring the appellant to pay the appellate filing fees, as well as the clerk's costs of preparing and transmitting the record on appeal, not later than three days before the original or extended return day, at least upon timely request of the clerk specifying the amounts due. The intent of the statutory provisions seems to be, as stated in the Law Institute Official Comment, "If the appellant fails to pay such fees timely, [then] any delay in lodging the record of appeal in the appellate court is imputable to the appellant" (Comment b, LSA-C.C.P. Art. 2126); while, on the other hand, if the appellant does pay such appellate costs and fees timely, then the duty to file the record timely is upon the trial clerk.
Our brothers of the First Circuit so concluded in Brasher v. Department of Highways, La.App., 151 So.2d 542, and Jackson v. Dupont, Inc., La.App., 140 So.2d 463, wherein appeals were dismissed after scholarly discussion of the interrelated statutory provisions and concepts. We note that the Supreme Court denied certiorari in the former case, with the comment "We find no error of law in the judgment of the Court of Appeal." 244 La. 209, 151 So.2d 495.
In the instance now before us, therefore, we find that the delay in filing the transcript seven days subsequent to the extended return day is, by law, chargeable to the appellant's failure to comply with his mandatory statutory duty to pay appellate fees *830 not later than three days before the return day fixed or extended by the court, at least where, as here, the trial clerk certifies that the tardy payment caused the tardy filing of the appeal. The appeal must therefore be dismissed at the appellant's cost.
Appeal dismissed.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, Judge (concurring).
The appeal was lodged in this court a week past the extended return day. The clerk certified that the delay was caused by the failure of the appellant to comply with his statutory duty to pay the costs of preparing the appellate record not less than three days prior to the extended return day. This being a fault imputable to the appellant, the appeal was dismissed.
Although the writer agrees that the result appears to be required by the statutory sources relied upon, he personally feels that the dismissal was rather harsh under the circumstances, where the appellant did in fact pay the appellate costs by the return day. If, for instance, the clerk had completed his task of preparing the record for appeal by said date, the delay in payment of these costs would not have required dismissal of the appeal had the appellate record in fact been filed in this court the same date. See Matlock v. Allstate Insurance Co., La.App. 3 Cir., 153 So.2d 776.
The appellant points out that, although he filed his bond on October 8, 1964 (which secured both the clerk and the court reporter for respectively (a) the costs of preparing the appellate record and (b) the costs of preparing the transcript of trial testimony), nevertheless, the court reporter did not file the transcript of trial testimony with the clerk until the very date of the extended return day (when the court reporter received a check for the costs of the trial transcript), nor did the clerk commence preparing the appellate record until that date. The appellant contends that the delay in filing the appellate record is thus not chargeable to him, but should instead be charged to the failure of these officers to perform their duties timely. The appellant contends that, in reliance upon the appeal bond securing them, the court reporter should have filed the trial transcript as soon as completed, and the trial clerk should have completed preparing the record on appeal by the extended return day, instead of both of them waiting until they had cash in hand before performing their legal duties; had they done so, he suggests the appeal would have been timely filed by the extended return day. Further, since the appellate record was not ready on the extended return day through no fault of the appellant (since he had filed his appeal bond more than three months earlier, following which preparation should have been commenced), he suggests the clerk should have obtained an extension to permit completion of the appellate record for timely filing, LSA-C.C.P. Art. 2125.
Of course, the three-day rule does not mean that an appeal must be dismissed if the appellate costs are not paid by the appellant not later than three days before the return day; the rule simply means that, if he does not pay these costs timely, then delays in filing the appellate record may be charged to him if due to his faultwhile on the other hand, if the costs are paid timely, then no such delay can be imputable to the appellant. See LSA-C.C.P. Art. 2127, and cases cited in original opinion. Thus, for instance, if the charges are not paid because of the failure of the clerk to send a statement definitely fixing the amount of costs required, then, it has been held, the delay in paying the costs timely is not imputable to the appellant. Mathies v. Fruehauf Trailer Co., La.App. 1 Cir., 170 So.2d 785, 789.
*831 I do not think the appellant's contentions are frivolous, and they are noted for the consideration of a higher court on further appellate review, since we did not dispose of them in our original opinion. Ultimately, in view of the appellant's failure to pay the appellate costs until the very date of the extended return day and in violation of his statutory duty to pay them not less than three days before such date, the court felt required to accept the clerk's uncontraverted affidavit that his failure to lodge the appeal timely was due to the appellant's failure to pay the appellate costs timely. The appellant's application for rehearing points out reasons why, as a matter of law, these uncontradicted facts might be held to indicate that the delay was primarily due to the failure of others than the appellant.
I concur in the denial of the application for rehearing, but recognize the forcefulness of the appellant's contentions which we reject.
NOTES
[1] The provisions of the latter statute are somewhat broader than the Code of Civil Procedure provision. However, when the Code of Civil Procedure was enacted, it was specifically provided that the Code should not be construed to supersede or otherwise affect approximately five procedural sections of the Louisiana Revised Statutes, as amended or adopted in 1960, including the cited 13:4445. See Act 15 of 1960 (enacting the Code of Civil Procedure), Section 5.
[2] LSA-R.S. 13:4445, subd. A is to similar effect, except that it specifies that the appellant must pay not later than three days the costs also of transmitting the record of appeal to the appellate court, as well as the other appellate costs and fees indicated by LSA-C.C.P. Art. 2126.
[3] However, if despite the appellant's untimely payment of the fees, the record is timely filed in the appellate court, then the appellant's failure to pay the fees timely becomes moot. Matlock v. Allstate Insurance Co., La.App. 3 Cir., 153 So.2d 776.