199 So.2d 199 (1967)
Ella JOHNSON et al., Plaintiffs-Appellants,
v.
William S. PATOUT, III, Defendant-Appellee.
No. 2080.
Court of Appeal of Louisiana, Third Circuit.
May 18, 1967.
*200 Charles H. Finley, Lafayette, for plaintiffs-appellants.
Leon E. Roy, Jr., New Iberia, for defendant-appellee.
EN BANC.

On Motion to Dismiss Appeal.
PER CURIAM.
The defendant-appellee moves to dismiss as abandoned an appeal taken February 13, 1967, by Ella Johnson and Effie Perkins, plaintiffs-appellants. The motion to dismiss the appeal is well-founded.
Facts.
The appeal was returnable to this court on April 14, 1967, conditioned upon bond in the amount of $250 being furnished. The record and appeal have never been lodged in this court. No order has ever been applied for or secured to extend the return day.
As grounds for the motion to dismiss the appeal as abandoned, the defendant-appellee attaches a certificate of the district clerk of court stating that the record of appeal has not been lodged and filed: (1) because the plaintiffs-appellants did not file a $250 bond until April 13, 1967, the day prior to the return day; (2) because they have not paid the costs of preparing the record and the filing fee three days prior to the return day, as required by LSA-C.C.P. Art. 2126; and (3) because counsel for the appellants has not furnished the clerk of the trial court duplicate copies of pleadings and depositions necessary to complete the duplicate record for the appeal, as required by Rule I, Section 4, Uniform Rules, Courts of Appeal (1963).
The motion to dismiss the appeal was filed in this court on April 26, with certificate showing that counsel for appellants had been furnished a copy thereof. This court issued a rule upon counsel for appellants to show cause before May 10 why the motion to dismiss should not be granted. On May 10, counsel for appellants filed a return, the effect of which is to admit that the filing fees and copies of pleadings had *201 never been furnished due to the indigence of the plaintiffs-appellants. Also attached is an affidavit showing unsuccessful efforts since April 10, 1967, to locate one of the plaintiffs-appellants to prepare a necessary affidavit in order to proceed in forma pauperis.
Delay in filing appeal imputable to appellants.
Appeals shall not be dismissed because of irregularities or defects unless they are imputable to the appellant. LSA-C.C. P. Art. 2161. However, where as here the delay in filing is due to the unexcused failure to pay appeal costs timely (not later than three days before the return day, LSA-C.C.P. Art. 2126), the appeal must be dismissed because the delay is then imputable to the appellant's failure to perform his statutory duty. Audubon Insurance Co. v. Carter, La.App. 1 Cir., 192 So.2d 201; McMillen Feeder Finance Corp. v. Thompson, La.App. 3 Cir., 171 So.2d 827, writ refused 247 La. 715, 174 So.2d 130; Manuel v. Travelers Insurance Co., La.App. 3 Cir., 131 So.2d 223.
There is some merit to the appellants' suggestion that a delay in paying costs may not be imputable to the party when the clerk fails to send a statement definitely fixing the amount of costs required. Mathies v. Fruehauf Trailer Co., La.App. 1 Cir., 170 So.2d 785. Nevertheless, the present appellants cannot claim the benefit of any such principle because of other defects below noted imputable to them and also because of their failure, even after the present motion of April 26 put them on notice of their deficiency, to make any attempt to comply with their statutory duty to prepay such costs even as of the date of their return of May 10 (some 26 days after the return day) or until the present date, so far as the record shows.
The other defects noted are the appellants' failure to file their appeal bond until April 13, the day preceding the return day, one of the other reasons alleged by the district clerk for his failure to prepare and file the record in this court by the return day.[1] Likewise, there is no explanation for the appellants' failure to furnish duplicate copies of pleadings needed for the duplicate record, even after being put on notice of the deficiency.[2]
Had the appellants' difficulties in complying with these statutory prerequisites been brought to the attention of the trial court, it may well have exercised its discretion to extend the return day if application had been so made upon filing of the appeal bond perfecting the appeal. See LSA-C.C.P. Art. 2125; LSA-R.S. 13:4438. However, no such application was made, nor did the appellants inform the courts of their difficulties nor request relief until past the return day, when the appeal record was not filed timely in the appellate court due to their several failures to supply timely bond, costs, and duplicate pleadings. Again, we note that, despite notice of these deficiencies since April 26, the appellants have made no effort to supply the costs or duplicate pleadings required of them.
We note the several expressions in the return of the appellants that their indigent condition has hampered their compliance with these statutory requirements.
Even after the taking of an appeal, a pauper may secure leave even in the appellate court to proceed in forma pauperis *202 under LSA-C.C.P. Art. 5181 et seq. Malveaux v. Buller, La.App. 3 Cir., 131 So.2d 571; see also Babineaux v. Southeastern Drilling Corp., La.App. 3 Cir., 166 So.2d 742. The appellants did not seek such relief prior to the abandonment of their appeal by the delay due to their fault in filing the record in this court by the return day (nor, for that matter, have they ever formally sought relief under the pauper provisions). We cannot at this late date consider their delay excused by their poverty, when they did not by timely application before the return day apply for statutory pauper privileges affording paupers certain services without payment of costs (see LSA-C.C.P. Art. 5181 et seq., but note Footnote 2).
For the foregoing reasons, we dismiss the appeal at the cost of the plaintiffs-appellants.
Appeal dismissed.
NOTES
[1] See LSA-R.S. 13:4453: "The clerk of a trial court is under no duty to commence the preparation of the record of appeal in any case until the appeal bond, when required by law, is filed in the trial court by the appellant."
[2] Furnishing these are a personal responsibility of the appellants or their counsel, non-taxable as costs, Uniform Rule I, Section 4. Even if the appellants were proceeding in forma pauperis, this is not one of the services a pauper party is entitled to under LSA-C.C.P. Arts. 5181, 5185.