On Motion to Dismiss the Appeal.
En Banc.
TATE, Judge.
The defendants move to dismiss the appeal on the ground that, due to fault of the appellant, the record was not filed timely.
The plaintiff’s compensation suit was dismissed after trial. The plaintiff perfected the appeal on March 10, with the return day fixed for April 21. As of this date, the district clerk had not secured any extension of this return day. LSA-CCP Art. 2125; LSA-R.S. 13:4438.
On July 8, the defendants-appellees filed a motion to dismiss the appeal. Attached to the motion was an affidavit of the district clerk to the effect that the record had not been filed because the appellant had not furnished the duplicate copies of the pleadings and depositions required for the duplicate record.[1]
This court thereupon issued a rule to the plaintiff-appellant to show cause on or before August 5 why the appeal should not be dismissed for such reason. By his return to the rule, on that date, the plaintiff-appellant cited certain legal authorities referred to below, and he also included an affidavit from the district deputy clerk to the effect that the record had been misplaced or whereabouts unknown from March 10 through April 21 (the return day), and that, upon check with the attorney for the plaintiff-appellant to make the required duplicates, it was learned the record was not with his office.
On August 5, the same day as the return to our rule to show cause, the original and duplicate records were filed in this court. The plaintiff-appellant had furnished the required duplicates.
The motion to dismiss the appeal must be overruled.
Upon the timely payment of all fees due (and none were due here, since the appeal was in forma pauperis), it is the duty of the clerk to lodge the appeal timely. LSA-CCP Art. 2127. Appeals shall not be dismissed for irregularities or technical defects unless such are imputable to the appellant. LSA-CCP Art. 2161. Furthermore, even then the appeal may not be dismissed unless the appellant is afforded an opportunity to cure the technical defect or irregularity. LSA-R.S. 13:4433.
We further note that here there is no showing that the plaintiff-appellant had failed after request to furnish the copies required, cf., Mathies v. Fruehauf Trailer Co., La.App. 1st Cir., 170 So.2d 785. To the contrary, the showing indicates that the plaintiff was unable to do so due to the temporary loss of the record.
Accordingly, the motion to dismiss the appeal is overruled.
Motion to dismiss appeal overruled.

. It is the responsibility of the appellant to furnish duplicate copies, although the trial clerk is authorized (but not required) to do so if the appellant does not furnish such copies within ten days of the appeal. Rule I, Section 4, Uniform Rules, Courts of Appeal (1963). The appellant has this personal responsibility even if the appeal is in forma pauperis, as here. Johnson v. Patout, La.App. 3rd Cir., 199 So.2d 199.