AYRES, Judge.
This cause is before this court on plaintiff-appellee’s motion to dismiss defendant-appellant’s appeal. This motion, filed September 10, 1969, is predicated upon appellant’s failure to pay the fees and charges of the clerk of the trial court for preparing the transcript for record for the appeal, as well as his failure to pay the fee prerequisite to the filing or lodging of the record in this court.
A certificate of the clerk of the trial court attached to the motion recites that defendant, on oral motion of August 6, 1969, was granted a suspensive appeal from the judgment rendered against him in this cause, returnable to this court September 5, 1969, conditioned, however, on defendant’s furnishing an appeal bond in the sum of $500. The appeal bond was duly filed August 13, 1969. The transcript and record of the proceedings were prepared and were ready for filing on the return date of the appeal in this court. Nevertheless, as of the date of the clerk’s certificate, September 10, 1969, the fees required to be paid by appellant in connection with this appeal had not been paid.
In a response to the motion to dismiss, appellant alleged that his attorney had an account with the clerk of court’s office which could have been debited in the absence of any filing fee having been paid, and that neither he nor his attorney was advised that the filing fee had not been paid.
In a certificate in affidavit form, attached to an amended motion to dismiss filed September 17, 1969, the clerk of the trial court stated that:
“On August 13, 1969, at the time the suspensive appeal bond was filed by appellant’s attorney, PAUL HENRY KIDD, he was, at that time, informed by a Deputy Clerk that the filing fee must be paid before the record could be lodged in the Court of Appeal. Appellant’s Attorney, PAUL HENRY KIDD, acknowledged that he knew such a fee was due, but stated that he did not think the case would be pursued,”
and that, as of that date “the filing fee required by the appellant in connection with the appeal has not been paid,” and, moreover, that:
“Attorneys, residing in Ruston, Louisiana, are sometimes extended the courtesy of being billed for filing and recording deeds, mortgages, mortgage certificates and items of this nature; however, no attorneys, and specifically PAUL HENRY KIDD, has ever been billed for any filing fees required by the Second Circuit Court of Appeal in Shreveport, Louisiana; PAUL HENRY KIDD has appealed a number of cases from this Court to the Second Circuit Court of Appeal and has always been required in every case to pay the required filing fee in advance, and has never been billed for such.”
No agreement is shown to have existed with the clerk of court for the clerk’s payment of these fees and debiting of the amount to an account in which appellant’s counsel was indebted unto the clerk. It is clear the clerk has no fund from which such advances could be made.
*273 It must be noted, however, that pursuant to appellant’s payment on September 22, 1969, of the filing fee required by this court, the record in this cause was formally filed under date of September 24, 1969, and carries No. 11361 on the docket of this court.
Appellant is obligated to pay the clerk of the trial court not later than three days prior to the return day, or extended return day, of the appeal in the appellate court the costs of preparing the record on the appeal as well as the filing fee required by the appellate court to lodge the appeal in that court. LSA-C.C.P. Art. 2126; LSA-R.S. 13:4445. Under this article and the statute, it is the mandatory duty of an appellant to pay these fees to the clerk of the trial court within the prescribed delay. Thus, if an appellant fails to pay these fees, any delay in lodging the appeal in the appellate court is attributable to him and his appeal must be dismissed. Chenevert v. Lower Coast Corporation, 205 So.2d 453 (La.App., 1st Cir. 1967); Verdin v. Thomas, 182 So.2d 571 (La.App., 1st Cir. 1966); Brasher v. Department of Highways, 151 So.2d 542 (La.App., 1st Cir. 1963 — cert. refused); Gauthier v. Williams, 146 So.2d 65 (La. App., 1st Cir. 1962); Portier v. Marquette Casualty Company, 146 So.2d 48 (La.App., 4th Cir. 1962 — cert. denied); Jackson v. Dupont, Incorporated, 140 So.2d 463 (La. App., 1st Cir. 1962) ; City of New Orleans v. Buhberg, 126 So.2d 701 (La.App., 4th Cir. 1961-cert, denied); Cavalier v. La Salle, 126 So.2d 23 (La.App., 1st Cir. 1960); Dor-fer v. City of Natchitoches, 160 So. 807 (La.App, 2d Cir. 1935).
For the reasons assigned, this appeal, as docketed under No. 11361, is dismissed at appellant’s costs.
Appeal dismissed.