272 So.2d 781 (1973)
Succession of Sheldon Albert DEHART, Plaintiff-Appellee-Respondent.
No. 4152.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
*782 Thompson & Sellers, by Charles M. Thompson, Abbeville, for plaintiff-appellant.
Roger C. Edwards, Abbeville, for defendant-appellee.
Before SAVOY, HOOD, and CULPEPPER, JJ.
SAVOY, Judge.
This is a motion to dismiss an appeal based on the failure of the appellant to timely tender the cost required by LSA-C. C.P. Art. 2126.
The pertinent facts are as follows: On July 14, 1972, a judgment of recognition and possession was read, rendered and signed recognizing the appellees as the sole surviving heirs of Sheldon Albert Dehart and placing them in possession of his separate estate. An application for a new trial was filed by Mrs. Ruby Broussard Dehart, the surviving widow and appellant herein. The motion for a new trial was denied on September 15, 1972. Pursuant to a motion by Mrs. Dehart, the court granted her a devolutive appeal, returnable to this court on November 20, 1972, and conditioned on her furnishing bond in the sum of $750. The devolutive appeal bond was filed on October 19, 1972.
On October 19, 1972, the clerk of the trial court addressed a letter to the attorney for the appellant requesting payment of the court costs due in the sum of $154.75 and advising that:
"Before preparing this record for the Court of Appeal, it is my duty to collect all court costs due this office.
"I have this day made a personal demand on Attorney Roger C. Edwards to pay the costs in this matter, and he had refused to pay it. He advised me that it was his opinion that the court costs should be paid by you."
Neither the trial court costs, nor the cost of preparing the record for appeal, nor the filing fee required by the appellate court were paid by the appellant to the clerk of the trial court three days prior to the return day on November 20, 1972.
On December 5, 1972, the clerk of the trial court obtained an extension of the return date from November 20, 1972, to January 15, 1973. On December 6, 1972, the appellees filed this motion to dismiss the appeal for appellant's failure to comply with LSA-C.C.P. Art. 2126. Nevertheless, on December 13, 1972, the appeal was lodged with this court.
Article 2126 LSA-C.C.P. and LSA-R.S. 13:4445 are the determinative statutory law dealing with the issue at hand. These statutes read as follows:
"Art. 2126. Payment of costs
The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal."
"R.S. 13:4445. Appeals
4445. Fees for filing record in appellate court to be paid clerk of trial courts for transmittal; costs and fees due clerk of trial court
A. Not later than three days before the return day, ... of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:
(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the *783 clerk of the trial court for preparing the record of appeal.
B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant. As amended Acts 1960, No. 38, § 1."
Under this article and statute, it is the mandatory duty of an appellant to pay these fees to the clerk of the trial court not later than three days before the return day. If the appellant fails to pay these fees timely, any delay in lodging the record of appeal in the appellate court is attributable to him, and it may serve as grounds for dismissing the appeal. Futch v. Greene, 252 So.2d 744 (La.App. 1 Cir. 1971); Washburn v. Washburn, 227 So.2d 271 (La.App. 2 Cir. 1969); Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970); McMillen Feeder Finance Corp. v. C. R. Thompson, 171 So.2d 827 (La.App. 3 Cir. 1965).
Appellant's contention that the trial clerk's having obtained an extension of the return day from November 20, 1972, to January 15, 1973, gives her until three days before January 15, 1973, to file the required costs under LSA-C.C.P. Art. 2126 is without merit. Our jurisprudence is well settled that after the expiration of the return date, the trial court is divested of any jurisdiction to extend a return day. LSA-C.C.P. Art. 2088. Louisiana Power & Light Company v. Lasseigne, supra. In the instant suit the delays for perfecting the appeal elapsed on November 20, 1972. The order of the trial court issued on December 5, 1972, purporting to extend that return date thus is invalid.
The appellant's argument that the lower court's costs are owed by the succession and should be taken out of the succession assets may very well be meritorious. However, the cost of preparing the transcript for appeal and the filing fee due the clerk of this Court are clearly not owed by the succession, but by the appellant; and she has made no effort to comply with the provisions of LSA-C.C.P. Art. 2126 as to these costs.
The allegation that appellant's devolutive appeal bond was sufficient to meet any costs she might be held to pay under LSA-C.C.P. Art. 2126 is equally without merit. This same argument was made before this Court in the case of McMillen Feeder Finance Corp. v. Thompson, 171 So.2d 827 (La.App. 3 Cir. 1965), and rejected.
The appellant's argument that there was no proper demand for payment of costs by the trial clerk must be rejected. Our Supreme Court said in Louisiana Power & Light Company v. Lasseigne, supra:
"Our law does not require billing for appellate costs and fees by the clerk, but to the contrary it requires timely tender by the appellant of these costs and fees to the clerk."
While we are aware that this holding appears contrary to the recent decision of our brethren of the First Circuit in Edwards v. Edwards, 268 So.2d 682 (La.App. 1 Cir. 1972), we must concur with the dissent in that case, that the majority's opinion is contrary to the holding of the Supreme Court in Louisiana Power & Light Company v. Lasseigne, supra.
For the reasons assigned, this appeal is dismissed due to the appellant's failure to comply with the statutory requirements of LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445.
Appeal dismissed.