310 So.2d 860 (1975)
Patrick THIBODEAUX, Plaintiff-Appellee,
v.
ST. PAUL MERCURY INSURANCE COMPANY, Defendant-Appellant.
No. 5016.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1975.
Shelton & Cline by Thomas Robert Shelton, Rayne, for defendant-appellant.
Andrew Vidrine, Church Point, Daniel J. McGee and A. Bruce Rozas, Mamou, for plaintiff-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.

MOTION TO DISMISS
CULPEPPER, Judge.
Plaintiff-appellee, Patrick Thibodeaux, moved to dismiss the appeal of the defendant-appellant, St. Paul Mercury Insurance Company, on the grounds that the costs and fees required under LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445 were not timely paid. The motion is opposed.
The pertinent facts are as follows: Plaintiff-appellee filed suit under the uninsured motorist provision of his policy with the defendant-appellant for damages for personal injuries. The trial court awarded judgment in favor of the plaintiff-appellee in the amount of $6,869.00. Judgment was signed on May 28, 1974 and the defendant-appellant timely moved for and was granted a suspensive appeal to this court, which appeal was made returnable on or before July 20, 1974. The appellant timely filed its appeal bond on June 11, 1974.
Although the appeal was made returnable to this court on or before July 20, 1974, the appellate record was not lodged with this court until March 10, 1975. An examination of the record reveals that it contains four Motions and Orders for an Extension *861 of the Return Date. The first motion was signed on July 20, 1974 (the original return date) extending the return date to September 20, 1974; the second motion was signed on September 20, 1974 extending the return date to November 20, 1974; the third was signed on November 20, 1974 extending the return date to February 20, 1975; and the fourth was signed on March 3, 1975 extending the return date to March 10, 1975, the date the record was lodged with this court. All four motions were on pre-printed forms, and all were made by the Clerk of Court for the Fifteenth Judicial District Court, Parish of Acadia, and all give as their reason for the extensions the excuse that the workload at the clerk's office made it impossible to complete the record. The first three are signed by the trial judge, the fourth by a judge of a different division of the Fifteenth Judicial District Court.
Articles 2126, 2088 and 2125 of LSA-C. C.P. and LSA-R.S. 13:4445 are the determinative statutory basis of this motion to dismiss. Art. 2126 LSA-C.C.P. and LSA-R.S. 33:4445 assign the responsibility to the appellant to pay to the clerk of the trial court the cost of the appeal and the filing fee due the clerk of the appellate court not later than three days before the return date, or extended return date of appeal fixed by the trial court.
In the Succession of Dehart, 272 So.2d 781 (La.App. 3rd Cir. 1974), this court, referring to Article 2126 and R.S. 33:4445, said:
"Under this article and statute, it is the mandatory duty of an appellant to pay these fees to the clerk of the trial court not later than three days before the return day. If the appellant fails to pay these fees timely, any delay in lodging the record of appeal in the appellate court is attributable to him, and it may serve as grounds for dismissing the appeal."
See also Tropicana Hotel and Country Club v. Dantoni, 287 So.2d 817 (La.App. 1st Cir. 1974); Huff v. Caldwell, 297 So. 2d 463 (La.App. 2nd Cir. 1974); Hunt v. Winn Dixie Louisiana, Inc., 276 So.2d 900 (La.App. 1st Cir. 1973); Washburn v. Washburn, 227 So.2d 271 (La.App. 2nd Cir. 1969); McMillen Feeder Finance Corp. v. C. R. Thompson, 171 So.2d 827 (La.App. 3rd Cir. 1965).
Art. 2088 LSA-C.C.P. provides that the jurisdiction of the trial court is divested upon the filing of the appeal bond or if none is required, upon the granting of the order of appeal except in certain specific instances, one of which is to "* * * extend the return date of the appeal, as provided in Art. 2125", and Art. 2125 LSA-C.C.P. provides in part: "The return day * * * may be extended by the trial court for sufficient cause, on the application of the clerk, or of the deputy clerk preparing the record of appeal".
In interpreting Art. 2125 our Supreme Court in the case of Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970), wrote:
"After the expiration of the return date the trial court is divested of any jurisdiction to `extend' a return day. The word extend is used in the Code and in the Revised Statutes in its usual and ordinary sense, meaning to increase the duration of, to lengthen, or to prolong. That which no longer exists, that which has terminated, cannot be extended. We have held this expressly, in the following language: `* * * Any action of the trial court upon an application for an extension filed after the last extended return date is without legal effect * * *.' Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62. See also State ex rel. Marcade v. City of New Orleans, 216 La. 587, 599, 44 So.2d 305, 309. There is no authority in law for a retroactive extension of a return date by the trial court, and as a matter of fact that court would be without jurisdiction to enter such an order...."
*862 See also Shreveport Wholesale Credit Men's Association, Inc. v. Seaburg, 300 So.2d 663 (La.App. 2nd Cir. 1974); Succession of Dehart, 272 So.2d 781 (La.App. 3rd Cir. 1973).
Our jurisprudence is thus well established that a trial court may not under LSA-C.C.P. Art. 2125 validly grant an extension of the return date once the date of the original return date has passed.
Thus, if the plaintiff-appellee is correct in his contention that the fees required to be paid under Art. 2126 and R.S. 13:4445 were not paid three days prior to the July 20 return date, or validly extended return date, then this appeal must be dismissed.
In its Opposition, the appellant concedes that the costs and fees required under Art. 2126 and R.S. 13:4445 were not posted until March 5, 1975, which was five days prior to the termination of the fourth extension. The appellant, however, argues that the record shows on its face that four validly granted extensions were obtained by the trial clerk, and thus, the costs and fees were timely posted. With this we disagree. A careful examination of the record shows that the third extension terminated on February 20, 1975 and that the fourth extension extending the return date to March 10, 1975 was not signed until March 3, 1975, eleven days after the February 20, 1975 extension had expired. Thus, under Art. 2125 and Louisiana Power and Light Company, supra, the trial court was without jurisdiction on March 3 to extend the return date, as its authority to grant such an extension terminated on February 20, 1975.
Thus, the appellant's failure to post costs and fees three days prior to February 20, the last validly extended return date, makes it necessary that we order the appeal be dismissed.
For the reasons assigned, this appeal is dismissed at the cost of the defendant-appellant.
Appeal dismissed.