JiDECUIR, Judge..

ON MOTION TO DISMISS

The plaintiff-appellee, James A. Hodges, Sr., seeks to dismiss the above captioned *764 appeal on the ground that the defendant-appellant failed to pay the estimated cost of appeal prior to the date set for the return date. We deny the motion to dismiss and maintain the appeal for the following reasons.
The plaintiff filed a petition for partition concerning immovable property located in LaSalle Parish. The trial court rendered judgment on December 18, 1997 and signed the judgment on January 26, 1998 ordering the parties to draw lots to divide the properties. The defendant filed a petition and order for appeal on January 14, 1998. The record was lodged with this court on February 27, 1998. On March 3, 1998, this court received a letter from plaintiff’s counsel seeking this court to dismiss the appeal on the ground that the return date had expired before Rthe defendant paid the estimated costs of the appeal. Attached to the letter was a motion to dismiss filed in district court on February 20, 1998. The motion to dismiss sought dismissal of the suspensive appeal on the ground that the estimated costs of appeal had not been paid during the time specified. Also attached was a request by the attorney for the appellant for an extension of the return day since payment of all costs and transcription had not been completed. The extension was not signed by the trial court. This court interprets the letter of March 3,1998 as a motion to dismiss, or in the alternative a motion to remand to the trial court.
This court in Matlock v. Allstate Insurance Co., 153 So.2d 776 (La.App. 3 Cir.1963) was confronted with a similar issue and ruled as follows:
The record discloses that the return date for this appeal was originally fixed on or before May 1, 1963 and later extended to on or before May 15, 1963. Defendants allege that plaintiff did not pay the above costs three days prior to the latter return date, and that under the provisions of LSA-C.C.P. Art. 2126 the appeal should therefore be dismissed.
LSA-C.C.P. Art. 2126 provides that ‘the appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the *777. filing fee required by the appellate court to lodge the appeal.’
[1] [2] The trial clerk is not required to lodge the record with the appellate court unless such costs and fees are paid. LSA-C.C.P. Art. 2127; LSA-R.S. 13:4445. However, when the trial clerk does timely file the record in the appellate court, together with the payment of the appellate court’s filing fee, then the question of the appellant’s failure to comply with LSA-C.C.P. Art. 2126 becomes moot, since the purpose of the article is simply to assist the trial clerk to receive such fees and costs in time to file the record in the appellate court by the return date. See Official Revision Comments LSA-C.C.P. Art. 2126; see also, LSA-C.C.P. Art. 2127, LSA-R.S. 13:4445.
[3] Herein, the proper appeal bond was timely filed; the record was filed in this court on May 15th and thus within the extended filing date; and this court’s filing fee was paid at the time the record was filed in this court. (FN1) Insofar as dismissal of the appeal on this ground, therefore, the appellant’s failure to pay these costs and fees to the trial court three days prior to the return date has become moot.
It is true that the courts of appeal have on several occasions dismissed appeals for failure to pay costs three days prior to the return date as required by LSA-Art. 2126. Murry v. Southern Pulpwood Insurance Company, La.App. 3 Cir., 133 So.2d 827; Manuel v. Travelers Insurance Company, La.App. 3 Cir., 131 So.2d 223; Cavalier v. LaSalle, La.App. 1 Cir., 126 So.2d 23. However, these decisions did not involve situations where the record had Lin fact been timely lodged with the appellate court, together with the appellate court’s filing fee due by the appellant.
In the present case, the record was lodged with this court on February 27, 1998. The filing fee was paid to this court. The Motion to Dismiss was filed originally in lower court on February 20, 1998, and not acted upon prior to the lodging of the record. The appellant also filed a motion for an extension of the return date which was not acted upon.
*765 The trial court clerk filed the record with this court together with the payment of the appellate court’s filing fee prior to the trial court’s action on the motion for an extension of the return date. La.Code Civ.P. art 2126 allows for the extension of the return date. Based on these facts we find that the record was timely lodged with this court rendering the motion for an extension moot, as well as the question of the appellant’s failure to pay all appeal costs. For the reasons assigned, the motion to dismiss plaintiffs appeal is denied.

MOTION DENIED.