Judgment in this case was signed on April 9, 1942. Application for new trial was overruled and orders of appeal, devolutive and suspensive, on plaintiffs' application were entered in open court July 27th. September 15th was fixed as return day. The appeals were perfected by providing bond therefor on July 31st. Transcript of appeal was received in this court on October 16th but was not filed until November 13th.
Appellee has moved to dismiss the appeal because the transcript was not filed here on or prior to the return day nor within the three-day grace period thereafter; no extension of time for filing the transcript having been granted.
In view of the undisputed record facts the motion will be sustained.
It has been decided by this court many times that an appeal will not be dismissed because the transcript was not filed therein prior to expiration of return day or within three days thereafter unless the failure to timely file the transcript was clearly imputable to the appellant. Carter v. Chambers, La.App.,5 So.2d 46, and cases therein cited. This line of decisions is predicated upon the case of Stockbridge v. Martin et al.,162 La. 601, 110 So. 828.
In the present case the record was received here October 16th, one month after return day, but two months after expiration of the grace period because appellants did not deposit until November 8th, the filing fee of five ($5) dollars required by Rule No. 10 of this court. This rule positively forbids the Clerk to file any record or transcript in a case appealed here except pauper cases, unless the filing fee has been previously advanced.
Timely deposit of the filing fee referred to is obviously the duty of the appellant. Therefore, when a record or transcript has not been timely filed here because said deposit has not been timely made, the fault is solely imputable to the appellant and upon him must be visited the penalty arising from his tardiness.
The facts of this appeal parallel those present in the case of Danna v. Yazoo M.V.R. Co. et al., La.App., reported in 154 So. 365, wherein, as reflected from the syllabus, this court held:
"Where deposit for filing of transcript in appellate court is made subsequent to expiration of return day and grace period, transcript filed thereafter is not timely filed though it may have been actually received by clerk prior to expiration of return day, since until fee is paid clerk cannot file transcript (Act No. 53 of 1926, § 3; Const.1921, art. 7, §§ 27, 28; Court of Appeal Rule 3).
"Appeal will be dismissed on motion where fee for filing of transcript is not paid or only paid after expiration of period of grace for filing thereof (Act No. 53 of 1926, § 3; Const.1921, art. 7, §§ 27, 28; Court of Appeal Rule 3).* * *
"Where transcript was received by clerk of appellate court prior to return day, which was September 1, 1933, but was not filed by him until September 7, 1933, when filing fee was paid, appeal was dismissed, since clerk could not file transcript until filing fee was paid (Act No. 53 of 1926, § 3; Const.1921, art. 7, §§ 27, 28; Court of Appeal Rules 3, 10)."
The Supreme Court denied application for writ of review in this case for the reason, as stated by it, that the judgment was correct.
Aside from the above stated reasons which warrant dismissal of the appeal, there is another equally as valid. Appellants have made no appearance in this court; have not filed brief therein nor otherwise manifested any interest whatever in the appeal, save belated deposit of the filing fee. In such circumstances, it is the uniform rule of this court to conclude *Page 497 
that the appeal has been abandoned and to dismiss the same for that reason.
For the reasons herein assigned, the appeals herein are dismissed at appellants' cost.