TALIAFERRO, Judge.
Judgment was read and signed in this case on February 17, 1950. On the same date orders of appeal, suspensive and de-volutive, on motion of appellant’s (defendant’s) counsel, to this Court, returnable on or before March 16, 1950, were granted. Bond was provided toy the appellant and the record reached the clerk of this Court on March 17, 1950, but was not filed by him until March 22, 1950, because the filing fee of Five Dollars, required under the rules of the Court, was not deposited with the clerk until that date.
Motion has been filed by appellees, praying for dismissal of the appeal on the ground that the record was not filed here on or prior to the return day, nor within the three days of grace thereafter.
Appellant, without brief on its behalf, has, so far as concerns it, submitted the motion on the face of the record. The motion will have to be sustained.
The identical question here tendered has been passed upon by this Court in two cases, viz: Varnell et al. v. Babin, La.App., 13 So.2d 495, and Danna v. Yazoo & M. V. R. Company et al, La.App., 154 So. 365. In this latter case the ruling therein received the approval of the Supreme Court. In each case we held, as reflected from the syllabi in the Varnell case, that: “Where transcript was not filed before expiration of three-day grace period after return date for failure of appellant to timely deposit filing fee, fault for delay was solely imputable .to appellant and appeal was dismissed. Rules of Court of Appeal, rule 10.”
It is not intimated nor suggested that the failure to make timely deposit of the filing fee should be attributed to anyone other than the appellant.
For the reasons herein assigned, the appeal herein is dismissed at appellant’s cost.