HARDY, Judge.
Plaintiff-appellee has filed a motion to dismiss defendant’s appeal in the instant case on the ground that the filing fee requisite to lodging the transcript of appeal in this court has not been paid by appellant.
The pertinent and undisputed facts set forth in plaintiff’s motion are that a money judgment was rendered in favor of plaintiff and against the defendants, in solido, in the Fourth District Court for Ouachita Parish on February 9, 1955, and was read and signed on February 10, 1955; th:-; on the same date defendants entered orders of suspensive and devolutive appeal, *300 returnable on or before March 25, 1955; that on February 23, 1955 defendants-appellants filed with the clerk of the district court a cash bond with respect to the devolutive appeal in the amount of $100, being the amount fixed by the court in its order granting defendants’ appeal; that on date of filing this motion to dismiss the appeal, October 17, 1955, the return date and the days of grace had long elapsed; that no extension of time for filing the transcript has been asked by nor granted to appellants; that the transcript has not been lodged in this court, and that the fee of $5 required to be deposited with this court as a condition precedent to the filing of the appeal has not been paid.
Under the provisions of Article 590 of the Code of Practice, appellee, proponent of the motion to dismiss, obtained and brought up to this court the record of the suit and deposited, upon the filing of this motion, the sum of $5 as a filing fee, solely for the purpose of properly lodging and docketing the motion with this court.
In answer to appellee’s motion to dismiss, appellants, through- brief of counsel in opposition to the motion, contend'that there is more than sufficient money in the hands of the clerk of the district court to care for the payment of the filing fee required in lodging an appeal in this court, and that it is the responsibility of the clerk of the district court to pay the filing fee and send up the record. In support of this contention counsel cites LSA-R.S. 13:4445, which reads as follows:
“The respective clerks of the district courts, the Parish of Orleans excepted, whenever advance deposits for costs of appeal to courts of appeal have been made with them, shall transmit, with the records in the appealed cases, to the clerks of the courts of appeal, the advance deposits.” (Emphasis supplied.)
Counsel cites the holding of this court in Osborne v. Mossler Acceptance Corp., 24 So.2d 655, and the cases of Succession of Bickham, 197 So. 924, and Vinyard v. Stassi, 152 So. 161, both decided by the First Circuit Court of Appeal.
The cases cited are authority for nothing more than the proposition that the clerk of the district court is responsible for transmitting the amount of the filing fee when the same has been deposited with him for such purpose.
Counsel’s argument that there was money in the hands of the district clerk sufficient to pay the filing fee in this court is not reflected by the record. According to the only facts which are before us, appellants have deposited the amount of the devolutive appeal bond, in cash, with the clerk of the district court. There is no showing that any part of this amount, deposited as a bond, is available for use in paying the filing fee to this court for the lodging of the appeal. It is not even contended by counsel that the clerk of the district court was instructed to pay the filing fee out of any funds in his possession, nor that any money was deposited with him for this specific purpose. In the absence of any such factual showing the argument necessarily fails.
The identical point here at issue has been several times decided by this court; Danna v. Yazoo & M. V. R. Co., 154 So. 365; Varnell v. Babin, 13 So.2d 495; Johnson v. Louisville Fire & Marine Ins. Co., 49 So.2d 462; Automobile Ins. Co. of Hartford, Conn. v. Dykes, 50 So.2d 643.
In the above cases the holding has been uniform to the effect that an appeal will be dismissed, on motion, in cases where the fee for filing of the transcript of appeal has not been paid or has been paid only after the expiration of the return day and the three-day grace period following thereafter.
It follows that the motion to dismiss the appeal is well founded, and, accordingly, the motion is sustained and the appeal dismissed at defendants’ cost.