AYRES, Judge.
From an adverse judgment for damages plaintiff applied for and was granted orders of appeal to this court. Defendant-appel-lee has moved for a dismissal of the appeal because of its alleged abandonment by appellant through his failure to timely pay the filing fee in this court as a prerequisite to the filing or lodging of the transcript.
The pertinent facts may be chronologically stated. The judgment appealed was signed in the district court April 22, 1958. Immediately following and on that day, orders of devolutive appeal were granted in open court to plaintiff, returnable to this court June 10, 1958, conditioned upon his furnishing a devolutive appeal bond in the sum of $150, which was filed May 31, 1958. On June 9, 1958, appellant, through counsel, obtained an order in this court extending the return day of the appeal to July 10, 1958. The transcript of appeal was forwarded by the clerk of the trial court and received by the clerk of this court on or before the aforesaid extended return date. Nevertheless, appellant failed to pay the filing fee in accordance with the Constitutional provisions and the statutory requirements, as well as the rules of this court, until July 17, 1958.
The issue to be resolved is whether the appeal should be dismissed on motion presented by the appellee. Appropriate and controlling is the recent ruling of this court in Loe v. Whitman, La.App., 87 So.2d 217, 218. There it was stated:
“The Constitution of Louisiana, Article VII, § 28, LSA, provides the cost of appeal in any case appealed to this court shall not exceed $5.00. LSA-R.S. 13:356 authorizes the deposit of $5.00 so paid to be apportioned and disbursed by the clerk as directed and prescribed by the judges. Predicated upon the foregoing authority, this court adopted and promulgated in its rules Rule No. 3, which prohibits the filing by the clerk of any case until a deposit of $5.00 has been made. Except in instances where the appellant is favored by statute with an exemption from the payment of such costs, the clerk is accordingly prohibited from filing the record without the payment of the filing fee. Where an appellant has deliberately refused or failed to pay the filing fee required by the Constitution and statutes of this state and the rules of this court, the appeal must be dismissed.”
The identical point at issue has been several times decided by this court. Danna v. Yazoo & M. V. R. Co., La.App., 154 So. 365; Varnell v. Babin, La.App., 13 So.2d 495; Johnson v. Louisville Fire & Marine Ins. Co., La.App., 49 So.2d 462; Automobile Ins. Co. of Hartford, Com. v. Dykes, La.App., 50 So.2d 643; Three Way Finance Co. v. Callendar, La.App., 84 So.2d 299.
*786 The presumption of the abandonment of an appeal is conclusive where an appellant perfects the appeal and fails to file the transcript on or before the return date or within the grace period following such return date. The Mississippi River Bridge Authority for and on Behalf of State v. Norman, 230 La. 547, 89 So.2d 117.
For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal is dismissed at appellant’s cost.
Appeal dismissed.