151 So.2d 542 (1963)
Charles E. BRASHER
v.
DEPARTMENT OF HIGHWAYS of the State of Louisiana.
No. 5920.
Court of Appeal of Louisiana, First Circuit.
January 18, 1963.
Rehearing Denied February 22, 1963.
Certiorari Refused April 11, 1963.
*543 Kenneth G. Burgess, Shreveport, for appellant.
Burton, Roberts & Ward by C. W. Roberts, Philip K. Jones, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This present matter is before us on motion to dismiss the appeal of appellant, Charles E. Brasher, from the decision of the Civil Service Commission of the State of Louisiana, which said Commission rejected appellant's appeal of his discharge by his employer, the Department of Highways of the State of Louisiana.
On July 25, 1962, the Civil Service Commission of the State of Louisiana (hereinafter sometimes referred to simply as "Commission") rendered judgment dismissing plaintiff's appeal from his discharge by defendant herein, The Department of Highways of the State of Louisiana (sometimes hereinafter referred to simply as "Department"). Subsequently on August 22, 1962, plaintiff-employee filed notice of appeal with the Commission on which date an order of appeal was rendered by the Commission and made returnable on or before October 19, 1962.
Appellant posted the necessary appeal bond of $100.00 but failed to pay the Commission the $25.00 filing fee required on appeal to this court pursuant to the provisions of LSA-R.S. 13:352(1) and Articles 2126 and 2127, LSA-C.C.P.
On October 12, 1962, the Commission sent the required copies of the transcript of appeal to this court and by letter dated said same date notified counsel for appellant that the filing fee must be paid in order to complete the appeal. Subsequently, between October 12, and October 19, 1962, counsel for plaintiff mailed to the Clerk of this Court a check in the sum of $5.00 in payment of the filing fee due in connection with this appeal. The amount of $5.00 being insufficient, the Clerk of this court returned counsel's check by mail posted October 19, 1962, and advised that the filing fee was $25.00 pursuant to the provisions of LSA-R.S. 13:352(1) and that the appeal would not be docketed until receipt of payment of said amount. The $25.00 filing fee due has not been paid. This present motion to dismiss the appeal was filed November 14, 1962, approximately 25 days following expiration of the return date set by the Commission.
The record reflects that upon submission of this matter appellant had not paid the required filing fee. Appellant urges, however, that his remission in this regard is due to a conflict between the rules of this court as set forth on Page 654, Volume 8, LSA-Revised Statutes, wherein the filing fee is said to be $5.00 and the provisions of LSA-R.S. 13:352(1) which stipulates that in all of the Courts of Appeal the fee shall be $25.00 for filing the record of appeal.
In so contending learned counsel is in error no doubt induced by his failure to note the subsequent adoption by the Courts of Appeal of this State of Uniform Rules, revised, amended and effective as of July 1, 1962, which uniform rules were duly promulgated upon their adoption and appear in full in the 1961 Cumulative Annual Pocket Part, Volume 8 LSA-R.S.
The aforesaid Uniform Rules no longer specify the filing fee charged for lodging the appeal in the appellate court. The amount of the filing fee is presently provided for pursuant to the provisions of LSA-R.S. 13:352(1) as amended by Act 36 of 1960, which provides for a filing fee of $25.00 in the event of appeal to the Courts of Appeal. Clearly, therefore, at the time of taking the instant appeal the statutes of this state and the uniform rules of the *544 Courts of Appeal provided for a filing fee in the sum of $25.00.
Article 2126, LSA-C.C.P. requires that appellant pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all filing fees required by the appellate court to lodge the appeal. Article 2127, LSA-C.C.P. makes it the mandatory duty of the clerk of the trial court to lodge the appeal on or before the return day or any extension thereof upon timely payment to him by appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court.
In Jackson v. Dupont, Incorporated, La.App., 140 So.2d 463, we recently held it was incumbent upon clerks of trial courts to file the transcript of appeal only when appellant has timely paid all fees and costs due both in the trial court and in the court to which the cause is appealed. We therein pointed out that the obvious purpose of Articles 2126 and 2127, LSA-C.C.P. is to accomplish a workable and definable division of responsibility between an appellant and the clerk of the trial court with respect to the perfection of appeals in order that appellants will not be penalized for delays or remissions over which they have no control.
In the Jackson case, we clearly stated that pursuant to Articles 2126 and 2127, LSA-C.C.P. the responsibility of lodging the appeal by the return date or extended return date does not devolve upon the clerk of the trial court until appellant has timely paid the filing fees required. We also held therein that failure of appellant to pay the clerk of the trial court the fees due the clerk of the court of appeal for filing the appeal casts the burden of failure to perfect appeal upon the appellant and not the clerk of the trial court.
Considering appellant herein had not timely paid to the Clerk of the trial court the filing fee required by the appellate court, there was no obligation incumbent upon him to transmit the record to the Clerk of this court. Upon receipt of the transcript unaccompanied by the necessary filing fee the Clerk of this court very properly declined to lodge the instant appeal.
While it is quite true, as learned counsel for appellant contends that appeals are favored and that an appeal will not be dismissed on purely technical grounds not attributable to the fault of appellant, the rule is without application when the dereliction and failure is chargeable and imputable to appellant.
It follows that appellee's motion to dismiss the instant appeal is well taken. For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the appeal by plaintiff Charles E. Brasher be and the same is hereby dismissed.
Appeal dismissed.