LANDRY, Judge.
This matter is before us on motion of defendants-appellees to dismiss the appeal of plaintiff-appellant in pursuance of which said motion we ordered the litigants to show cause, by briefs filed herein on or before August 5, 1964, why this appeal should or should not be dismissed. In response to our aforesaid show cause order defendants-appellees timely filed a brief in support of their motions to dismiss but appellant has neither filed a brief nor made any other appearance before this Court. Upon expiration of the date set by us for filing of briefs herein defendants-appellees subsequently filed a supplemental motion to dismiss based on appellant’s failure to file his brief.
Appellant’s action is one of eighteen suits consolidated in the trial court for determination of liability inasmuch as all are tort actions arising from a common accident.. The plaintiff in one of the cases took no' appeal; in sixteen other cases the plaintiffs, took a consolidated appeal; plaintiff in the present case appealed separately.
Judgment in the present suit denying plaintiff’s demands was rendered and signed June 19, 1963; appellant’s motion for new-trial was rejected and dismissed June 21,. 1963. Appellant’s motion for devolutive appeal was granted by the trial court on September 11, 1963, the return date being designated as October 26, 1963, and the appeal' bond being set in the sum of $600.00, which. *121 said bond was filed by appellant on September 18, 1963.
Prior to taking the appeal herein, namely, on September 5, 1963, the Clerk of the trial court obtained an order from the court below extending the return date in sixteen of the consolidated cases (inadvertently including the case at bar) for an additional period of sixty days from the aforesaid initial return date. The question of the effect of granting an extension of the return -date upon motion by the Clerk of Court ■prior to and in anticipation of this appeal need not be decided herein inasmuch as said issue has become moot because said return •date has now passed.
Appellant’s failure to file a brief "herein in response to our order to show •cause why his appeal should not be dismissed cannot adversely affect appellant’s position. Rule 7, § 5 (b) of the Uniform .Rules of the Courts of Appeal 8 LSA-R.S. permits dismissal of an appeal where the •appellant has neither appeared nor filed a brief prior to the date fixed for submission ■of the case. In the present case, however, the appeal has not been lodged in this Court, .and consequently, it has not been placed on tlie docket of this Court and no date has been set for its submission. Learned counsel for appellees has cited no rule or statutory provision and our own independent research has disclosed no authority or precedent authorizing the dismissal of an appeal for failure of the appellant to file a brief in response to a rule of the appellate court to show cause why his appeal should not be dismissed. Nor have we been cited any authority in support of appellee’s contention an appeal should be dismissed because of appellant’s failure to oppose a motion to dismiss.
It is well settled that the law favors appeals and abhors their forfeiture. Farrow v. John R. Thompson Co., 18 La.App. 404, 135 So. 80. Appeals being favored in law should not be dismissed except for substantial causes provided by statute or rules of Court. Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62; State Through Dept. of Highways v. Cefalu, La.App., 146 So.2d 658.
The grounds for appellees’ initial motion to dismiss are succinctly stated in the Certificate of the Clerk of the trial court filed by appellees in support thereof as follows:
1) No motion has been filed and no order has been signed for an extension of the return day of said appeal beyond the extension of the return day, on September 5, 1963, for a period of sixty days; that the minutes of this Court do not reflect any further extension of the return day ;
2) Appellants have not furnished, within ten days of the date of the order granting the appeal, legible copies of all pleadings and depositions filed in evidence in this case; nor have copies of all pleadings and depositions been filed as of this date;
3) Appellants have not paid or deposited with the Clerk of Court any costs of preparing the record on appeal ;
4) Appellants have not paid or deposited with the Clerk of Court the filing fee required by the appellate court to lodge the appeal;
5) Plaintiff and appellants owe to the Clerk of Court costs incurred in the trial of this matter and there was a deficit balance in this case, as reflected on the docket sheets, at the time the original return date expired, on the date the extended return date expired and on this date, in the sum of $92.20.
An appeal will not be prejudiced for failure of the Clerk of Court to timely prepare and lodge the record on appeal, provided all fees due in connection with the appeal, including the filing fee required by the appellate court and costs of preparing the record on appeal are duly paid by ap *122 pellant. LSA-C.C.P. Article 2127. Nor will an appeal be dismissed for any irregularity or defect uness it is imputable or attributable to appellant. LSA-C.C.P. Article 2161'. Where, however, delays or remissions are .imputable to appellant, the appeal will be dismissed. Brasher v. Department of Highways, La.App., 151 So.2d 542.
Also apropos the motions before us are the following provisions of Rule 1, Section 4, of the Uniform Rules of the Courts of Appeal:
“ * * * It shall be the personal responsibility of * * * counsel for the appellant(s), to furnish to the clerk of the trial court, within ten days of the order granting the appeal, legible copies of all pleadings and depositions to be included in the record on appeal. * * *
“Provided, however, should * * * counsel for the appellant(s) fail to furnish to the clerk such copies within ten days of the order granting the appeal, the clerk shall have authority to prepare such copies, although he is not obligated to do so; and the clerk’s expense incurred in such situations is not a taxable court cost, but is the personal responsibility of any such * * * counsel.”
In addition to the foregoing responsibilities incumbent upon appellant in the perfection of his appeal, LSA-C.C.P. Article 2126 further requires appellant to pay the clerk of the trial court, not later than three days prior to the return date or extended return date, all costs of preparing the record on appeal, including the filing fee required by the appellate court.
Considering appellant has made no appearance herein and has not contravened the certificate of the trial court showing his failure to timely deposit with said clerk the costs of preparing the record on appeal and the filing fees required by the appellate court, said alleged remissions on appellant’s part must be taken as established and proven. It is now settled jurisprudence that such dereliction and neglect by an appellant-warrants dismissal of his appeal. See Jackson v. Dupont, Incorporated, La.App., 140-So.2d 463, wherein the entire subject matter is considered in detail.
The views herein expressed preclude the-necessity of considering the issue of whether appellant’s failure to pay accrued trial’ court costs justifies dismissal of his appeal.
Accordingly, it is ordered, adjudged and. decreed the rule issued herein be made absolute and judgment rendered herein dismissing this appeal.
Appeal dismissed.