LOTTINGER, Judge.
This matter is before us on a motion to dismiss the appeal of appellant, Shirley M. Breaux, from a judgment of the Seventeenth Judicial District Court in and for the Parish of Lafourche.
On February 17, 1965, a judgment on rule was rendered in this matter in the Lower Court which was adverse to Shirley M. Breaux, the appellant herein. Subsequently, on March 3, 1965, the Trial Judge signed an order of appeal granting to the said Shirley M. Breaux, a suspensive appeal, and made same returnable to this Court on April 30, 1965, and at that time fixed bond in the amount of $500.00.
Appellant timely posted the necessary appeal bond of $500.00. The Court Reporter, on March 10, 1965, sent to Counsel for appellant, a written request for payment of the cost of transcribing the testimony adduced at the trial of the rule. Thereafter, the Clerk of Court, by Registered letter dated April 7, 1965, reminded Counsel for appellant of the return date for the appeal, directed their attention to the rules of this Court, attaching to his letter a Xerox copy of said rules, and also enclosed his statement for costs for the preparation of the record for this appeal, the costs of transmitting the record to this Court and for this Court’s filing fee, all of which amounted to the sum of $85.00. That same letter contained a special request that that sum be paid to the Clerk as required by law. The record contains return receipts which verify that the letter of the Clerk of Court dated April 7 1965, together with enclosures, was actually received by both Counsel of record for appellant on April 8, 1965. The record contains a certification by the Clerk of Court dated May 25, 1965, that the costs of preparing the suit for appeal, the costs of transmitting the record on appeal to this Court and the filing fee required by this Court had not been paid as of that date. Not having been paid the fees as required by law, the Clerk of Court did not timely lodge *798 the appeal, and as a matter of fact, has not as of this date lodged the appeal.
Appellee has now filed a motion to dismiss the appeal based on the appellant’s failure to comply with the statutory requirements set forth in LSA-C.C.P. Article 2126 and LSA-R.S. 13:4445, as amended by Act 38 of 1960.
Subsequent to the filing of the motion to dismiss, and on May 28, 1965, this Court ordered the parties to show cause, by briefs, on or before June 18, 1965, why the appeal should or should not be dismissed. Counsel for appellant requested an extension of time until June 28, 1965, within which to file a brief in connection with the motion to dismiss the appeal, and were granted the extension as prayed for. Counsel have, however, failed to file their brief within the extended time.
LSA-R.S. 13:352(1) provides that the Clerks of all of the Courts of Appeal shall charge the sum of $25.00 for filing the record of appeal. LSA-R.S. 13:4445, as amended by Act 38 of 1960, places upon the appellant, the burden of paying to the Clerk of the Trial Court, not later than three days before the return day of the appeal fixed by the Trial Court, the fees to be due to the Clerk of the Appellate Court for filing the record of appeal under the provisions of LSA-R.S. 13 :352, and the costs of transmitting the record of appeal to the Clerk of the Appellate Court and all other fees due the Clerk of the Trial Court for preparing the record of appeal. LSA-C.C.P. Article 2126 provides that the appellant shall pay to the Clerk of the Trial Court, not later than three days prior to the return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal. LSA-C.C.P. Article 2127 places upon the Clerk of the Trial Court the duty of preparing the record on appeal as well as the duty of lodging the record with the Appellate Court on or before the return day, but conditions the performance of this duty upon the timely payment to the Clerk by the appellant of all fees due in connection with the appeal, including the filing fee required by the Appellate Court to lodge the appeal.
In this particular case, Counsel for Appellant received a statement from the Court Reporter for the transcription of the testimony adduced at the time of the rule on or about March 11, 1965. Thereafter, on April 8, 1965, Counsel received a communication from the Clerk of Court reminding them of the return day on the appeal, enclosing a copy of the applicable section of the rules of this Court, and making demand upon Counsel to furnish him with necessary copies, and to pay to him the costs of preparing the appeal, as were set out in an attached itemized invoice. This last notice given by the Clerk of the Trial Court to Counsel for Appellant was received 22 days prior to the return day on the appeal.
In Brasher v. Department of Highways, La.App., 151 So.2d 542, we recently held that where an appellant had not timely paid to the Clerk of the Trial Court the filing fee required by the appellate court, there was no obligation incumbent upon him to transmit the record to the Clerk of this Court.
In Jackson v. Dupont, Inc., La.App., 140 So.2d 463, we held that the failure of an appellant to pay the Clerk of the Trial Court the fees due the Clerk of the Court of Appeal for filing the appeal cast the burden of failure to perfect the appeal upon the appellant and not the Clerk of the Trial Court.
In this particular case, Counsel for appellant, despite actual notice beyond that required by the law from the Clerk of the Trial Court, not only failed to pay to the Clerk of the Trial Court the fees due to the Clerk of the Court of Appeal for filing the appeal, but also failed to pay the costs of preparing the appeal, thus relieving the Clerk of the Trial Court of the responsibility of timely lodging the appeal, and relieving the Clerk of the Appellate Court *799 of the responsibility of accepting and filing the record.
The failure of the Clerk of the Trial Court to transmit the appeal, and the failure of the Clerk of the Appellate Court to file the record is clearly chargeable and imputable to appellant alone.
It therefore follows that appellees’ motion to dismiss the instant appeal is well taken. It is therefore ordered, adjudged and decreed that the appeal by plaintiff, Shirley M. Breaux, be and the same is hereby dismissed.
Appeal dismissed.