REGAN, Judge.
The defendant, Columbia Casualty Company, has filed a motion in this court to dismiss the appeal taken by the plaintiff, Mrs. Joy Raymond, from an adverse judgment in a death action under the Louisiana Workmen’s Compensation Statute. The primary grounds upon which the defendant’s motion is predicated are (1) voluntary abandonment of the appeal and (2) failure to pay costs timely pursuant to R.S. 13 :4445 (A).
The record reveals that the plaintiff filed ■suit against the defendant endeavoring to recover death benefits under the Louisiana Workmen’s Compensation Act. On July 13, 1965, the lower court rendered judgment in favor of the defendant, dismissing the plaintiff’s suit. On August 12, 1965, the plaintiff timely petitioned the lower court for a devolutive appeal. The order granting the plaintiff’s appeal was signed on August 13, 1965, and the return date was fixed therein for September 23, 1965. The appeal bond was set at $500.00, and it was furnished and filed on the same day.
On September 2, 1965, the plaintiff’s attorney of record directed a letter to the clerk of the Civil District Court for the Parish of Orleans instructing him not to prepare the transcript for lodging in this court. In conformity with these instructions, the clerk refrained from the preparation thereof and consequently no transcript has been lodged in this court. Moreover, the filing fee due this court has not been paid, and the return date has expired without an extension thereof.
The defendant has consequently filed this motion to dismiss within three days after the expiration of the un-extended return date of the appeal.
The disposition of this motion depends upon the rationale of R.S. 13:4445(A), which reads:
“A. Not later than three days before the return day, or extended return day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:
(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:-352.”
The jurisprudence is quite clear that the failure of the appellant to pay the appellate court’s filing fee at least three days prior to the un-extended return date constitutes mandatory grounds for the dismissal of the appeal.[1]
*656 In view of the foregoing conclusion it is unnecessary that we consider the defendant’s argument to the effect that the plaintiff, through counsel, voluntarily abandoned her appeal when she directed the clerk of the trial court to refrain from preparing the transcript.
For the foregoing reasons, the defendant’s motion to dismiss is granted, and the plaintiff’s appeal is hereby dismissed at her cost.
Motion granted.

. Gauthier v. Williams, La.App., 146 So.2d 65; Murry v. Southern Pulpwood Insurance Co., La.App., 133 So.2d 827; Cavalier v. La Salle, La.App., 126 So.2d 23.