ON MOTION TO DISMISS
YARRUT, Judge.
The motion to dismiss this appeal is based on the ground Appellant did not timely pay the cost of preparing the appeal or the filing fee. The motion is supported by the following four affidavits:
Two are affidavits by Clifford Welb, Minute Clerk and Official Reporter of Section “A” of the Orleans Parish Juvenile Court, the first being to the effect that the judgment appealed from was rendered and signed March 14, 1966; the Order of Appeal was granted March 22, 1966 and made returnable here on May 13, 1966; that to permit the completion of the transcript, two extensions of the return day were granted; first, to June 17, 1966; and second, to June 30, 1966. Further, the transcript was completed June 20, 1966, when Appellant’s attorney was requested to pay the costs; and, although no further extension of the return day of June 30, 1966 was granted, none of the fees due had been paid as of August 19, 1966. The second affidavit states that payment of the fees had not been made or tendered as of October 14, 1966 (106 days after the last extended return date).
Two affidavits were also filed by Joseph L. Peyton, Clerk of the Orleans Parish Juvenile Court, the first to the effect that the filing fee had not been paid as of August 19, 1966 and the second that it had not been paid or tendered as of October 14, 1966.
On the other hand, the opposition to the appeal is supported by an affidavit by Appellant’s attorney to the effect that on or about June 17, 1966 he received a bill from Clifford Welb and June E. Sutherland, Juvenile Court Reporters, in the sum of $694.-50 and that at the same time, an extension of the return day was granted until June 30, 1966; that subsequently he investigated the costs and concluded they were excessive; that he planned to discuss the matter with Mr. Welb, Mrs. Sutherland and Judge Gullotta, who had heard the matter, but discovered that both Judge Gullotta and Mr. Welb were on vacation; that he contacted Mrs. Sutherland who agreed, “on approximately the 28th day of June,” (only two days prior to the return day) to ask for an extension of the return day and to bring the matter to the attention of Judge Leo B. Blessing, who verbally agreed to grant the extension, but that the extension was in fact never granted; and that upon the return of Judge Gullotta and Mr. Welb, about 30 days later, it was agreed that the costs assessed be reduced to $422.15.
Appellant did not lose any rights because of any action of a clerk of court because he alleges he was not assured of an extension of the return day until June 28, 1966, two days before the extended return day, when he was already one day late in paying the fees.
The law clearly requires an appellant to pay the clerk of the trial court, not later than three days prior to the return day or the extended return day, all costs of preparing the record on appeal and the filing fee required by the appellate court to lodge the appeal. LSA-C.C.P. art. 2126; LSA-R.S. 13:4445. Failure to comply with these provisions is ground for dismissal of the appeal. American Tile and Terrazzo Co. v. Edward H. Keiler (No. 2473 of the docket of this court, handed down this *197 day); Breaux v. Breaux, La.App., 178 So.2d 797; Revere v. Wiregrass Gas & Appliance Co., La.App., 169 So.2d 120; Jackson v. Dupont, Incorporated, La.App., 140 So.2d 463.
In the instant case, Appellant did not pay the filing fee (even though there was no dispute as to the amount), nor did he pay or tender any part of the fees for preparing the record on appeal (even that which he considered to be a fair or correct amount) three days prior to the last extended return day as required by law. Further-, more, he had not either paid or tendered any payment of any fees through October 14, 1966. We find this defect imputable to the Appellant and fatal to his appeal.
For the reasons assigned, it is ordered that the appeal in this case be, and the same is now, dismissed at Appellant’s cost.
Motion granted and appeal dismissed.