SAMUEL, Judge.
This matter is before us on a motion filed by the plaintiff-appellee to dismiss a suspensive appeal on the ground that the defendant-appellant failed to make timely payment of the cost of appeal, particularly the filing fee.
Appellant filed an opposition to the motion to dismiss alleging he was not advised, of the extended return date until September 15, 1966 and on that date mailed a check. *744 for $25 to the clerk of the district court to cover the filing fee. Both litigants were given additional time in which to furnish this court with documentary evidence. From the record as it is now made up we find the following facts:
The return day was extended on several occasions for the reason that the clerk had not received a transcript of the testimony from the court reporter. The last extended return day was September 16, 1966. On that day another request for an extension was made by the deputy clerk on the ground that the costs of the appeal had not been paid. The trial judge refused to grant another extension. Iiis refusal appears of the face of the document containing the request and reads as follows:
“September 16th 1966
Order refused: Extension necessary because of the failure of appellant to pay for transcript of testimony despite repeated requests for the defendant-appellant to do so. Extension required because of procrastination on part of the appellant.
Edward J. Stoulig
Judge”
Although we find appellant did pay a part of the cost of the transcript, he failed to pay the full cost thereof and he did not pay the filing fee of $25 until September 19, 1966. We have examined the record carefully and are unable to find any reason why such payment was not made within the time set by law. Subsequently appellee paid the filing fee and the balance of the cost of the transcript, caused the record to be lodged here, and then filed this motion to dismiss the appeal.
LSA-C.C.P. Art. 2126 provides that not later than three days prior to the return day or extended return day the appellant shall pay to the clerk of the trial court all costs of preparing the record on appeal and the filing fee required by the appellate court to lodge the appeal. The amount of the filing fee is set by LSA-’ R.S. 13:352(1) at $25. In the absence of some special circumstance (see Atlantic Gulf Supply Corporation v. McDonald, La. App., 171 So.2d 481), failure of an appellant to make timely payment of the costs and the filing fee as required by LSA-C.C.P. Art. 2126 is ground for the dismissal of the appeal. Adoption of Behrend et al., La.App., 192 So.2d 195 (handed down this day); Breaux v. Breaux, La.App., 178 So.2d 797; Revere v. Wiregrass Gas & Appliance Co., La.App., 169 So.2d 120; Jackson v. Dupont, Incorporated, La.App., 140 So.2d 463.
In the instant case appellant failed to pay the filing fee within the time set by LSA-C.C.P. Art. 2126. His attempt to pay the fee on September 15, 1966 by check mailed on that day came too late as the extended return day was September 16 and under C.C.P. Art. 2126 the same should have been paid not later than three days prior to September 16, 1966. Under our Code of Civil Procedure it is incumbent upon the appellant to keep himself informed of the return day and extensions thereof. Accordingly, we must maintain the motion.
For the reasons assigned, it is ordered that the appeal in this case be, and the same is now, dismissed at appellant’s cost.
Motion granted and appeal dismissed.