AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages to property and for personal injuries sustained in a motor vehicle collision. After trial there was judgment rejecting plaintiff’s demands and he was granted orders of devolutive appeal. Defendants have moved in this court for a dismissal of the appeal for plaintiff-appellant’s failure to pay, until after the return date of the appeal, the fees and costs due the clerk of the trial court as well as the fee for filing the transcript in this court.
The cost for filing the record of an appeal is fixed by LSA-R.S. 13:352, subd. (1), at $25. This fee, as well as the cost of preparing the record on the appeal and the transmittal of the record to the Court of Appeal, is required to be paid by the appellant to the clerk of the trial court not later than three days prior to its return date as originally fixed or extended. LSA-R.S. 13:4445; LSA-C.C.P. Art. 2126.
In chronological order, important events in connection with this appeal may be briefly recounted. Judgment was rendered and signed July 24, 1968, and filed in the district court July 26, 1968. The order of devolutive appeal was issued October 21, 1968, with a return date for lodging the appeal in the appellate court fixed at December 18, 1968. Fees and the cost referred to above were not paid by plaintiff-appellant to the clerk of the trial court until the latter part of January, 1969. The record of the appeal was not filed in this court until February 7, 1969. It was conceded in argument before this court that the failure to timely lodge the appeal was attributable to plaintiff-appellant.
The appellate courts of this State have repeatedly held that it is the duty of an appellant to pay the necessary filing fee of the appellate court, as well as the fees and costs of the clerk of the trial court for preparing and transmitting the transcript to the appellate court, prior to the return date. As was pointed out in Portier v. Marquette Casualty Company, 146 So.2d 48, 49 (La.App., 4th Cir. 1962 — cert. denied) :
“The law is quite clear that any delay in lodging the record in the appellate court is imputable to the appellant if he fails to pay to the clerk of the trial court all fees due in connection with the appeal, including the filing fee required by the appellate court, at least three days prior to the return day or extended return day.”
The responsibility of lodging the appeal by the return date does not devolve upon the clerk of the trial court until the appellant has timely paid these fees. Hence the responsibility, until their payment has been made, remains with the appellant. Brasher v. Department of Highways, 151 So.2d 542 (La.App., 1st Cir. 1963 — cert. refused). Nor is there any duty upon the clerk of the trial court to apply for extensions of the return date until he has been paid the required fees and costs. Jackson v. Dupont, Incorporated, 140 So.2d 463 (La. App., 1st Cir. 1962).
Failure to pay the filing fees and costs not later than three days before the return date of the appeal constitutes grounds for mandatory dismissal of the appeal. Raymond v. Columbia Casualty Company, 179 So.2d 654 (La.App., 4th Cir. 1965). Such failure constitutes a conclusive presumption that the appeal has been abandoned. Murry v. Southern Pulpwood Insurance Company, 133 So.2d 827 (La. App., 3d Cir. 1961); Thompson v. Madden, 106 So.2d 784 (La.App., 2d Cir. 1958).
These mandatory grounds for dismissal of appeals were recognized and given effect under the express provisions of LSA-R.S. 13:4445 in decisions rendered prior to the adoption of the Code of Civil Procedure. Thompson v. Madden, supra; Loe v. Whitman, 87 So.2d 217 (La.App., 2d Cir. 1956); Three Way Finance Company v. Callendar, 84 So.2d 299 (La.App., 2d Cir. 1955).
*525 In an answer to the motion to dismiss the appeal, plaintiff asserts the nullity of the judgment appealed on the ground that it was rendered and signed in out-of-term time, and moves for a remand of this cause to afford an opportunity for the establishment of that fact. Should the factual basis for this contention possess merit, plaintiff would have his rights in an action 0f nullity-
For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal is dismissed at plaintiff-appellant’s costs.
Appeal dismissed.