ON MOTION TO DISMISS
SAMUEL, Judge.
This is an appeal by the wife from a judgment determining whether certain disputed items involved in a partition were the separate property of either party or belonged to the community of acquets and gains formerly existing between them. The husband has timely filed a motion to dismiss the appeal on the ground that the appellant failed to make timely payment of costs as required by LSA-C.C.P. Art. 2126 and, as a result of such failure, the appeal was not timely lodged in this court. The motion to dismiss is the only matter before us at this time.
The judgment was rendered on June 30, 1969. On Mrs. Landry’s timely motion the trial judge granted her a suspensive appeal returnable on September 2, 1969 upon the furnishing of a $500 appeal bond. The bond was furnished timely. On September 2, 1969, in compliance with a motion made by his clerk, the trial judge extended the return day to October 31, 1969. On that date counsel for appellant moved the court for an extension and the judge again extended the return day to December 2, 1969. The record was lodged in this court on December 4, 1969.
The evidence before us, consisting of the record on appeal and affidavits by the trial clerk filed in connection with the motion to dismiss, which affidavits the appellant was given a full opportunity to controvert, further reveals that initially counsel for appellant may not have known the exact amount of costs due the clerk for his fees in connection with the appeal. The clerk had been appointed to take an inventory of the property involved in the suit and had included the cost of that inventory ($2,-012.46 for notarial and appraisers’ fees) in a bill which he gave counsel for appellant on August 16, 1969. However, upon inquiry by those counsel the clerk informed them the inventory cost would not have to be paid prior to lodging the record in the *319 appellate court. On October 10, 1969 the clerk furnished counsel for appellant another bill which excluded the inventory cost. That bill was in the amount of $831.70 for all fees due the clerk by appellant in connection with the appeal.
Later counsel for appellant advised the clerk that advance court costs in the amount of $450 made by the appellee were not expected by the latter to be refunded prior to the appeal. Upon verifying this fact the clerk informed counsel for appellant the cost she would be required to pay would be $381.70, the difference between $831.70 (the entire cost) and $450 (appel-lee’s advanced costs). This information was given, and a bill in accordance therewith furnished, to counsel for appellant by the clerk on October 29, 1969. On that date, except for final assemblage, the record was ready for filing in this court.
Despite the fact that the clerk requested payment of the $381.70, no payment was made on or prior to October 31, 1969, the then extended return day. Instead, counsel for appellant requested the clerk to obtain a further extension of the return date. The request was refused for the reason that appellant’s failure to make payment was the sole cause of the need for further delay. Appellant’s counsel themselves then requested an extension and, as we have stated, in compliance therewith the trial judge again extended the return day to December 2, 1969.
Thereafter on several occasions counsel for appellant were requested by the clerk to make payment of the $381.70 charge. No payment was made until 2 o’clock in the afternoon on December 2, 1969 when a check in the required amount was manually delivered to the clerk at his office in Hahnville, Louisiana. The clerk then completed the assemblage of the record and lodged the same with the clerk of this court in New Orleans on December 4, 1969, the second day after the expiration of the last extended return date. The evidence reveals that at the time he received payment on December 2, 1969, it was necessary for the clerk to do additional work (final assemblage) in order to complete the record.
Since the enactment of our present Code of Civil Procedure in 1960, particularly under Articles 2127 and 2161 thereof, no appeal can be dismissed because of any irregularity, error or defect unless the same is imputable to the appellant and the clerk of the trial court has the duty of: (1) preparing the record on appeal; and (2) upon timely payment to him by the appellant of all fees due in connection with the appeal, causing the record to be lodged with the appellate court on or before the return day or any extension thereof. Under Article 2126 the appellant must pay all costs of preparing the record on appeal, together with the filing fee required by the appellate court to lodge the appeal, not later than three days prior to the return day or extended return day. In addition, in pertinent part Comment (b) under Article 2126 provides that when the appellant fails to pay such fees timely any delay in lodging the record of appeal is imputable to the appellant.[1]
*320 Although the last sentence of Article 2127 does state that failure of the clerk to lodge the record on appeal timely shall not prejudice the appeal, that provision must be read in conjunction with the second sentence which places the duty of lodging the appeal upon the clerk when the appellant has made timely payment to him of all fees due in connection with the appeal. If such timely payment is not made the clerk is not charged with the duty of lodging the record with the appellate court on or before the return day or any extension thereof. Under Article 2126 and Comment (b) that duty is imposed on the appellant who has failed to make such timely payment.
In the instant case appellant clearly failed to make timely payment; the payment was made on December 2, 1969, the last extended return day, and not three days prior thereto as required by Article 2126. Although appeals are favored and we are reluctant to maintain any motion to dismiss an appeal, we are unable to find any reason or excuse for this appellant’s failure to make timely payment. As the appeal was filed late, after the last extended return day, and as that lateness is imputable to the appellant, we must dismiss the appeal. Williams v. Weems, La.App., 222 So.2d 523; Raymond v. Columbia Casualty Company, La.App., 179 So.2d 654; McMillen Feeder Finance Corp. v. Thompson, La.App., 171 So.2d 827; Brasher v. Department of Highways, La.App., 151 So.2d 542.
For the reasons assigned, the motion to dismiss the appeal is maintained and the appeal is dismissed at plaintiff-appellant’s cost.
Motion maintained; appeal dismissed.

. The codal articles and comment, inter alia, referred to read as follows:
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or cor-reetly shall not prejudice the appeal.” LSA-C.C.P. Art. 2127.
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.” LSA-C.C.P. Art. 2161.
*320 “The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.” LSA-C.C.P. Art. 2126.
“If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant.” LSA-C.C.P. Art. 2126, Comment (b), inter alia.