ON MOTION TO DISMISS APPEAL
LOTTINGER, Judge.
Defendant and appellee has filed a motion in this Court dated December 1, 1969, to dismiss this appeal.
Judgment was rendered in this matter in favor of defendant dismissing plaintiff’s suit at his cost on September 25, 1969 and signed on September 26, 1969.
According to the copy of notice of appeal attached to the motion to dismiss, on October 3, 1969 plaintiff moved for and was granted a suspensive, and in the alternative, a devolutive appeal returnable to the First Circuit Court of Appeal on or before November 28, 1969.
An affidavit dated December 1, 1969 of Mrs. Nancy S. James, a deputy clerk of Court of the Nineteenth Judicial District Court attached to the said motion to dismiss, provides as follows:
“That the appeal record was completed by the office of the Clerk of the 19th Judicial District Court on or prior to November 28, 1969; there was no necessity for the Clerk of Caurt to apply for an extension of the return date; the record has not been returned to the First Circuit Court of Appeal; and appellant has failed to (pay) the costs due to the Clerk of the 19th Judicial District Court for preparing the appeal record which was timely prepared and has not paid the filing fee required by this Court to lodge the appeal, despite demand.”
This record was lodged in this Court on December 8, 1969.
R.S. 13:4445 provides as follows:
“§ 4445. Fees for filing record in appellate court to be paid clerk of trial courts for transmittal; costs and fees due clerk of trial court
A. Not later than three days before the return day, or extended day, of the appeal fixed by the trial court, the appellant shall pay to the clerk of the trial court:
(1) The fees to be due the clerk of the appellate court for filing the record of appeal, under the applicable provision of R.S. 13:126 or R.S. 13:352; and
(2) The cost of transmitting the record of appeal to the clerk of the appellate court and all other fees due the clerk of the trial court for preparing the record of appeal.
B. The clerk of the trial court shall transmit the fees due the appellate court clerk, with the record of appeal, to the clerk of the appellate court to which the appeal is taken. The clerk of the appellate court shall not docket the appeal or file the record .thereof until he has received the fees due him. When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant. As amended Acts 1960, No. 38, § 1.”
C.C.P. Articles 2125, 2126, 2127 and 2161 provide as follows:
“Art. 2125. Return day
*49 The return day of the appeal shall be fixed by the trial court at not more than sixty days from the date the appeal is granted, but may be extended by the trial court for sufficient cause, on the application of the clerk, or of the deputy clerk preparing the record of appeal.”
“Art. 2126. Payment of costs
The appellant shall pay to the clerk of the trial court, not later than three days prior to the return day or extended return day, all costs of preparing the record on appeal, and the filing fee required by the appellate court to lodge the appeal.”
“Art. 2127. Record on appeal; preparation ; prepayment of fees
The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal, including the filing fee required by the appellate court to lodge the appeal. Failure of the clerk to prepare and lodge the record on appeal either timely or correctly shall not prejudice the appeal.”
“Aft. 2161. Dismissal for irregularities
An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
This record was not lodged in this Court until December 8, 1969, due to the failure of the appellant to pay the fees timely. Since this delay in lodging the record of appeal in the appellant court is imputable to the appellant, this appeal must be dismissed. See Official Revision Comment, Art. 2126 and unpublished decision of the Supreme Court of Louisiana dated January 20, 1970 entitled Louisiana Power & Light Co. v. George A. Lasseigne, Jr. et al., No. 49846 and 49850; Knighten v. Knighten, 223 So.2d 501 (La.App.1-1969); Washburn v. Washburn, 227 So.2d 271 (La.App. 2-1969).
For the above reasons this appeal is dismissed.