LANDRY, Judge.
The Louisiana Commission on Governmental Ethics (Commission) has moved to dismiss this appeal by defendant Lyons (Appellant) from an adverse judgment evidenced by Commission Opinion No. 15 rendered September 20, 1972. The basis for the motion to dismiss is Appellant’s alleged failure to timely post his appeal bond. We remand.
It is conceded that Appellant did not file a $100.00 appeal bond within thirty days as required by Sections 1 and 2, Rule B, Uniform Rules — Courts of Appeal, see Appendix, Rule B, LSA-R.S. Volume 8, Page 412. The crucial issue is whether the untimely posting of the appeal bond herein was justified allegedly due to Appellant being advised by employees of the Commission and this Court that no appeal bond was necessary.
Notice of the opinion in question was duly sent Appellant on date of rendition, namely, September 20, 1972. On’October 11, 1972, Appellant filed with the Commission an “Appeal” consisting of three typed pages containing a recitation of the factual history of the Commission’s proceedings, specified complaints as to the manner in which the proceedings were conducted, and conclusions of law relative to the Commission’s interpretation of the evidence presented. The “Appeal” concludes with the declaration that Appellant desires to appeal to this court and to have subject Opinion reversed and set aside. No bond or security was attached to the petition for appeal.
On December 14, 1972, the Commission moved to dismiss this appeal, pursuant to which a show cause order was issued to Appellant on that same date. On December 14, 1972, Appellant answered the Commission’s Motion to Dismiss, to which answer Appellant attached his affidavit alleging in effect that Appellant filed his appeal, in proper person, on October 11, 1972. Appellant also avers that he filed the necessary documents, both with the Commission and this Court. Appellant further states he inquired of an employee of this Court, and also of Mrs. Lee Wella, employee of the Commission, whether Appellant was required to furnish bond, which Appellant was prepared to do, if necessary. According to the affidavit, Appellant was advised, in both instances, no appeal bond was necessary. Appellant has also filed in this Court a photostat of a Cashier’s Check, bearing No. 696990, issued by Louisiana National Bank, Baton Rouge, Louisiana, payable to Appellant in the sum of $100.00, the date thereon being illegible. Said check bears the notation (apparently in Appellant’s handwriting) “Given to G. Sexton, Gov Ethic Board 12/14/72”.
On December 29, 1972, Appellant answered the Show Cause Order issued by this Court alleging substantially the same matters contained in Appellant’s answer to the Commission’s Motion to Dismiss.
It is well established that the law abhors dismissal of appeals, which are favored in law, and that an appeal should not be dismissed except for substantial cause provided by statute or rules of court. Revere v. Wiregrass Gas & Appliance Co., La.App., 169 So.2d 120.
If, as Appellant contends, he timely offered and attempted to post bond herein with the proper authority, which offer was declined, this appeal should not be dismissed. If Appellant failed in this respect, the motion to dismiss should be sustained. We cannot, however, adjudicate this vital issue on Appellant’s ex parte affidavit alone.
It is ordered, adjudged and decreed that this matter be and the same is hereby remanded to the Louisiana Commission on Governmental Ethics for a full hearing, and the making of a transcript thereof, concerning Appellant’s alleged offer and attempt to file an appeal bond with the proper authority herein, and upon completion thereof, the entire record in this matter be returned to this Court for further proceedings.
Remanded with instructions.