276 So.2d 900 (1973)
Myrtle HUNT, Wife of Ronald S. GAY
v.
WINN DIXIE LOUISIANA, INC.
No. 9365.
Court of Appeal of Louisiana, First Circuit.
April 3, 1973.
Frank S. Bruno, New Orleans, for appellant.
W. K. Christovich, Christovich & Kearney, New Orleans, for appellee.
Before LANDRY, SARTAIN and TUCKER, JJ.

ON MOTION TO DISMISS APPEAL
LANDRY, Judge.
Pursuant to motion by defendant-appellee, Winn Dixie Louisiana, Inc., this court ruled plaintiff-appellant, Myrtle Hunt, wife of Ronald S. Gay, to show cause why this appeal should not be dismissed for appellant's alleged failure to timely pay filing fees due herein. Respondent has neither answered said rule nor made any appearance whatsoever. We grant the motion to dismiss.
This appeal was made returnable August 5, 1971. Bond, which was set in the sum of $250.00, was posted July 13, 1971.
Movant attached to its motion to dismiss an affidavit of Robert Fitzmorris, Clerk, Twenty-second Judicial District Court, St. Tammany Parish, disclosing the following pertinent data: The record herein was completed prior to January 27, 1972; costs due the trial court amount to $420.27, of which amount Appellant has paid the sum of $275.00, leaving a balance due in the amount of $145.27; Appellant has not paid the filing fee due the Court of Appeal or said balance of $145.27, despite initial and subsequent request from the Clerk of the trial court on September 29, 1972.
*901 It is well settled that the law favors appeals and abhors their forfeiture except for substantial cause provided by statute or rules of Court. Revere v. Wiregrass Gas & Appliance Co., La.App., 169 So.2d 120.
LSA-C.C.P. art 2161 and Rule 7, Uniform Rules, Courts of Appeal, provide that an appeal shall be dismissed where the return date has expired, and no extension of the return date was obtained, and Appellant has failed to timely pay to the Clerk of the trial court the fees and costs due pursuant to LSA-R.S. 13:4445.
In substance, LSA-R.S. 13:4445 provides that the Appellant shall pay the Clerk of the trial court, not later than three days before the return date, or extended return date, the fees due the appellate court for filing the record of appeal, all fees due the trial court Clerk for preparing the transcript of appeal, and the cost of transmitting the record to the appellate court. The statute further provides that where all such fees and costs are timely paid by Appellant, failure of the Clerk of the trial court to transmit the record or pay the filing fees due the appellate court shall not be imputable to Appellant.
LSA-C.C.P. art. 2126 also requires payment by Appellant of all costs of preparing a record on appeal, and the filing fees due the appellate court, not later than three days prior to the return date or extended return date.
Upon timely payment by Appellant of all fees due in connection with the appeal, including the filing fee due the appellate court, it is the duty of the Clerk of the trial court to timely lodge the appeal on or before the return date or any extension thereof. LSA-C.C.P. art. 2127.
LSA-C.C.P. art. 2161 provides that an appeal shall not be dismissed for any error or irregularity unless it is imputable to Appellant, and motion to dismiss for such reason is filed within three days of the return date or date on which the appeal is lodged, whichever is later.
Construed together, the above statutory and codal provisions have been held to make uniform the responsibility for lodging the record in the appellate court, and assigning primary responsibility therefor to the Clerk of the trial court. Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278. These same provisions make mandatory the duty of Appellant to pay the costs and fees to the Clerk of the trial court within the delay specified.
It is the duty of Appellant to keep informed of the return date, and the amount of the fees and costs he must pay. Failure to timely pay the required charges is attributable to Appellant, and incurs the penalty of forfeiture of his appeal. Louisiana Power & Light Company v. Lasseigne, above.
The fault in this instance lying with Appellant, the motion to dismiss is granted, and judgment rendered herein dismissing Appellant's appeal.
Appeal dismissed.