ON MOTION TO DISMISS
SAMUEL, Judge.
This is a devolutive appeal taken by the plaintiff from a judgment in her favor. The judgment was for personal injuries and property damages sustained by her as the result of an automobile collision. The appellee filed a motion to dismiss the appeal on two grounds, the first of which [1] is that plaintiff failed to make payment of costs and fee as required by LSA-C.C.P. Art. 2126 and, as a residt of such failure, the appeal was not timely lodged. The motion to dismiss is the only matter before us at this time.
The order of appeal, granted on November 12, 1971, made the appeal returnable to this court on January 10, 1971. Thereafter the trial court granted five extensions of the return day, the last of which expired October 27, 1972. The clerk of the trial court gave timely notice to plaintiff of the amount due by her ($59.00) for costs of preparing the record on appeal and the filing fee required by this court for lodging the appeal. Despite such notice plaintiff failed to make payment at any time. On March 21, 1973 appellee paid the full $59.-00 due, the record was lodged in this court on March 22, 1973 and on that same day, March 22, 1973, appellee filed its motion to dismiss.
LSA-C.C.P. Art. 2161 provides that an appeal shall not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant. LSA-C.C.P. Art. 2127 makes it the duty of the clerk of the trial court to cause the appeal to be lodged on or before the return day or any extension thereof, “upon the timely payment to him by the appellant of all fees due in connection with the appeal,” (emphasis ours). LSA-C.C.P. Art. 2126 requires that the appellant pay to the clerk of the trial court, not later than three days prior to the return day or extended retiirn day, all costs of preparing the record and the filing fee required by the appellate court. And the last sentence in Comment (b) under LSA-C.C.P. Art. 2126 states that when the appellant fails to pay such fees timely, any delay in lodging the record of appeal is imputable to the appellant. Our jurisprudence is that when the appellant fails to pay the fees timely, and as a result thereof the appeal is not timely lodged, the appeal will be dismissed.[2]
The rule is applicable here. The failure to lodge this appeal until almost five months after the last extended return day 'is imputable to the plaintiff alone and her appeal must be dismissed.
*802 For the reasons assigned, the motion to dismiss the appeal is maintained and the appeal is dismissed at plaintiff-appellant’s cost.
Motion maintained; appeal dismissed.

. As we agree with the first, a consideration of the second is unnecessary.

. Ballard v. Continental Insurance Company, La.App., 256 So.2d 472; Howard v. Hardware Mutual Casualty Insurance Company, La.App., 251 So.2d 642; Morgan v. Redman Lake Park, Inc., La.App., 233 So.2d 47; Landry v. Landry, La.App., 230 So.2d 317; Williams v. Weems, La.App., 222 So.2d 523.