WILLIAMS, Judge.
This suit was instituted by Shreveport Wholesale Credit Men’s Association, Inc. against Stephen C. Seaburg and Edward W. Rowland to recover the balance due on a note secured by a chattel mortgage and recognition of the chattel mortgage and vendor’s lien on certain air conditioning equipment. From a judgment in favor of plaintiff, the defendant, Edward W. Rowland devolutively appealed.
In this court plaintiff-appellee filed a motion to dismiss the appeal on the ground the return date was fixed on February 4, 1974, and according to the minutes of the trial'court, the trial court purported to extend the return date on February 5, 1974 to March 4, 1974. Additional extensions were granted as follows: on March 4, 1974, the return date was extended to April 4, 1974; on April 4, 1974 the return date was extended to May 3, 1974. The record was filed in this court April 17, 1974.
Attached to appellee’s motion to dismiss is a certificate of the Clerk of Court showing the deposit of $35 toward the cost of appeal was made by Edward W. Rowland April 16, 1974.
Appellant argues appellee’s answer to appeal to amend the trial court’s judgment acts as a waiver of the motion to dismiss. Appellant cites no authority to sustain this argument, and we find no merit therein.
*664 In support of appellee’s motion to dismiss, Louisiana Power & Light Company v. Lasseigne, 25S La. 579, 232 So.2d 278 (1970) is cited. Therein Justice Barham wrote:
“After the expiration of the return date the trial court is divested of any jurisdiction to ‘extend’ a return day. The word ‘extend’ is used in the Code and in the Revised Statutes in its usual and ordinary sense, meaning to increase the duration of, to lengthen, or to prolong. That which no longer exists, that which has terminated, cannot be extended. We have held this expressly, in the following language: ‘* * * Any action of the trial court upon an application for an extension filed after the last extended return date is without legal effect * * Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62. See also State ex rel. Marcade v. City of New Orleans, 216 La. 587, 599, 44 So.2d 305, 309. There is no authority in law for a retroactive extension of a return date by the trial court, and as a matter of fact that court would be without jurisdiction to enter such an order.
[232 So.2d 278, 281]
The order entered on the minutes of the court February 5, 1974 attempting to “extend” the return date, was one day after the legal return date and therefore without legal effect. Under LSA-R.S. 13:352(1) the cost for filing the record of appeal is fixed at $25. LSA-R.S. 13:4445 and LSA-C.C.P. Art. 2126 require this fee, as well as the cost of preparing the record on appeal and transmittal of the record to the Court of Appeal, be paid by appellant to the clerk of the trial court not later than three days prior to its return date as originally fixed or extended.
In Hunt v. Winn Dixie Louisiana, Inc., 276 So.2d 900 (La.App.1st Cir. 1973) the court stated:
“It is well settled that the law favors appeals and abhors their forfeiture except for substantial cause provided by statute or rules of Court. Revere v. Wiregrass Gas & Appliance Co., La.App., 169 So.2d 120.
“LSA-C.C.P. art. 2161 and Rule 7, Uniform Rules, Courts of Appeal, provide that an appeal shall be dismissed where the return date has expired, and no extension of the return date was obtained, and Appellant has failed to timely pay to the Clerk of the trial court the fees and costs due pursuant to LSA-R.S. 13:4445.”
[276 So.2d 900, 901]
This court in Williams v. Weems, 222 So.2d 523 (La.App.2d Cir. 1969) held:
“The appellate courts of this State have repeatedly held that it is the duty of an appellant to pay the necessary filing fee of the appellate court, as well as the fees and costs of the clerk of the trial court for preparing-and transmitting the transcript to the appellate court, prior to the return date. .
* H* * * * *
“Failure to pay the filing fees and costs not later than three days before the return date of the appeal constitutes grounds for mandatory dismissal of the appeal. Raymond v. Columbia Casualty Company, 179 So.2d 654 (La.App., 4th Cir. 1965). ...”
[222 So.2d 523, 524]
Construing together the statutory and codal provisions with decisions interpreting same, we determine the last legally effective return date was February 4, 1974. Appellant did not deposit the filing fee for this appeal until April 16, 1974.
For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal dismissed at appellant’s cost.
Appeal dismissed.